Hillsborough
No. 7311

STATE OF NEW HAMPSHIRE

v.

DONALD A. ALLARD

April 30, 1976

*Warren B. Rudman,* attorney general, and *Richard B. McNamara,* attorney *(Mr. McNamara* orally), for the State.

*Eleanor S. Krasnow,* by brief and orally, for the defendant.

GRIFFITH, J. On February 13, 1974, the defendant, who was represented by counsel, pleaded guilty to burglary of a dwelling house of another in the nighttime and was sentenced to not more than five nor less than three years in prison by the Trial Court, *Cann,* J. After serving part of his sentence defendant through new counsel moved to withdraw his guilty plea. This motion was grounded on two main points; (1) that it does not affirmatively appear that he understood what the maximum and minimum penalties were, and (2) that he did not understand that to constitute the crime to which he pleaded guilty the intent to steal must precede the entry. After hearing, the Trial Court, *Cann,* J., denied the motion and reserved and transferred the defendant's exception. There was no plea bargain in this case.

The defendant and his attorney signed an acknowledgement of rights which contains among other matters, a statement that the defendant has discussed the plea with his attorney and "knows the full meaning of this indictment." The defendant in this document further acknowledges that his attorney, with whom he is satisfied, has advised him of the penalties that the court can impose for the crime to which he has pleaded guilty. In response to questions from the trial court at the time of sentence the defendant agreed that he had gone over the "acknowledgment of rights" with his attorney and fully understood it and that he was guilty and so was pleading guilty. He further answered in the affirmative to questions of the court designed to insure that he understood the court was not bound on sentencing by either the prosecution or defense counsel's recommendations.

It is clear from the record of defendant's arraignment and plea that both in the acknowledgment of rights which he signed and his answers to the questions propounded by the trial court he specifi-

cally waived the constitutional rights required by *Boykin v. Alabama,* 395 U.S. 238 (1969). Defendant's claims focus on the failure of the trial court to supplement advice of counsel by informing defendant of the penalty for his crime and the full meaning of the indictment.

Our State constitution provides counsel in cases not required by the Federal Constitution. N.H. Const. pt. I, art. 15; *cf. Argersinger v. Hamlin,* 407 U.S. 25 (1972). Both federal and State courts place great emphasis upon the necessity of counsel at all stages of a criminal prosecution. Few cases can be found faulting counsel in the trial of a case (*See, e.g., Chambers v. Maroney,* 399 U.S. 42 (1970)), but the ritual of requiring the court to reexamine the areas already covered by counsel appears to assume the incompetency of counsel to advise a defendant where the plea is guilty. In addition to requiring a signed statement from the defendant that his counsel has properly advised him, the court would be required to question the defendant in detail to determine whether counsel's advice was correct. No such requirement appears to be mandated by Supreme Court decisions (*See Brady v. United States,* 397 U.S. 742 (1970)) and in our opinion, it denigrates the role of counsel.

The issue on appeal from the denial of a motion to withdraw a plea of guilty is whether the plea was voluntarily and understandingly entered into by the defendant. *Boykin v. Alabama,* 395 U.S. 238 (1969). Tested by this standard, the plea in this case must stand. While the value to the defendant of knowing the maximum penalty which he might have received, but did not, escapes us, in any event he acknowledged that his counsel advised him of the penalties. In this respect, the case differs from *State v. Farris,* 114 N.H. 355, 320 A.2d 642 (1974), a plea-bargaining case where it appeared there was no understanding of the possible penalties since the plea-bargained sentence of a six-month minimum could not be imposed because of a longer statutory minimum.

The defendant appears to fault trial counsel for not recognizing that defendant had a valid defense to burglary based upon a lack of intent to steal when he broke and entered. Defendant claimed that he was a former tenant of the house he broke into and had appropriated to his use some Christmas tree ornaments he found in the basement; that he forgot to take them with him when he moved; and that his breaking into the house in the nighttime in October of 1973 was to retrieve the ornaments and that the theft of money was an afterthought. Accordingly, defendant asserts he would only have been guilty of theft since he lacked the requisite intent for burglary.

"That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." *McMann v. Richardson*, 397 U.S. 759, 770 (1970); *Brady v. United States*, 397 U.S. 742 (1970); *North Carolina v. Alford*, 400 U.S. 25 (1970).

Defendant's trial counsel is well known to the court as a competent attorney experienced in the defense of criminal cases. He used defendant's explanation in his argument for reduction of sentence in an apparent judgment that this was the only way it might benefit the defendant. Pragmatically, we cannot fault trial counsel for thinking that an explanation of breaking and entering in the nighttime in October to retrieve Christmas decorations would have little chance of acceptance coming from a defendant of pristine character and none at all from this defendant with his five previous burglary convictions. Even in retrospect, this judgment of counsel appears logical and realistic. *See North Carolina v. Alford*, 400 U.S. 25 (1970); *U.S. ex rel. Burke v. Erickson*, 315 F. Supp. 476 (D.S.D. 1970).

*Exception overruled.*

GRIMES, J., dissented; the others concurred.

GRIMES, J., dissenting:

On the two points relied on in the motion to withdraw the guilty plea, the record is barren as to the defendant's actual understanding. Nowhere in the document defendant signed or in the record is it stated what the maximum and minimum penalties were. Nor is it stated with what crime he was charged or the elements the State would have to prove to convict him. The bare statement that a person understands something without a specification as to what is understood does not affirmatively show understanding. The three constitutional rights mentioned in *Boykin v. Alabama*, 395 U.S. 238 (1969), as being waived by a guilty plea are specifically mentioned in the document. What defendant said he understood as to them therefore appeared on the record. *See State v. Propotnik*, 299 Minn. 56, 216 N.W.2d 637 (1974). *But see Santobello v. New York*, 404 U.S. 257, 264 (1971) (Douglas J. concurring). But the bare statement that he understood what the penalty was without stating what penalty he understood was applicable does not make an affirmative showing that he did in fact understand. *See State v. Farris*, 114 N.H. 355, 320 A.2d 642 (1974).

The same applies to the crime with which he was charged. In the

acknowledgment of rights defendant states that he understood the "full meaning of this indictment" but it does not appear what his understanding was. It cannot therefore be determined from the record that he in fact understood. This understanding is necessary in order that the plea be "truly voluntary". *McCarthy v. United States,* 394 U.S. 459 (1969). Although *McCarthy* was decided under Federal Rule 11 which is not constitutionally required, the Court said that the rule was designed to "assist the district judge in making the *constitutionally required* determination that a defendant's plea is truly voluntary". *Id.* at 465. (Emphasis added.) The Court then stated that a plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts". *Id.* at 466; *see Boykin v. Alabama,* 395 U.S. 238, 243 n.5 (1969). This is to protect a defendant who admits certain conduct but does not realize that it does not constitute the offense with which he is charged. *McCarthy v. United States,* 394 U.S. at 467.

In his motion to withdraw his guilty plea and in an affidavit filed in support of his motion for an evidentiary hearing which was denied, defendant states that he assumed that since he unlawfully entered and stole while inside, he was guilty of the crime with which he was charged, not knowing that the intent to steal must exist at the time of entry. It is his contention that after several attempts to contact the landlady, he entered an apartment where he was recently a tenant to obtain some possessions he had left in the basement and that while departing he saw the $4.85 on the refrigerator and, being hard up, could not resist the temptation and took it.

If this is what occurred, the defendant would be guilty of a crime but not the crime with which he was charged and to which he pleaded guilty, because the intent to steal did not precede the entry. This is the very danger referred to in *McCarthy v. United States supra* and which the requirements of establishing a factual basis for a plea seek to guard against.

The record at the sentencing hearing which followed immediately after the guilty plea was accepted reveals that defendant's version of the facts was the same then as it is now. In arguing for a lesser sentence than was recommended, defendant's counsel stated that defendant told him that he used to live in the house and had left some possessions in the cellar and that on the day in question he opened the window and went through the apartment which was access to the cellar and "did succumb to a temptation" and took $4.85. It is therefore plain on the face of the

record that the acts defendant admitted did not constitute the offense to which he pleaded guilty. Under these circumstances, his motion to withdraw his pleas should be granted.

Although I believe that present federal constitutional law requires the result for which I contend, I cannot of course predict the future. The majority may be right in their assessment. But for me, the decision in this case should not depend upon whatever federal constitutional minima the United States Supreme Court may in the future pronounce. The requirement that a factual basis be established before accepting a guilty plea is a fair one which assures that the defendant understands the law in relation to the facts. A large number of people who have studied this problem have arrived at the same conclusion. They include among others those responsible for the ABA Standards Relating to Pleas of Guilty § 1.6 and commentary (Approved Draft 1968); the ABA Standards Relating to the Function of the Trial Judge § 4.2b (Approved Draft 1972); National Advisory Commission on Criminal Justice Standards and Goals, Courts, Standard 3.7 and commentary (1973); and those responsible for Federal Rules of Criminal Procedure, rule 11 which includes among others the Supreme Court of the United States and the Congress. I would require it under our own law.

The present case illustrates the need to determine that the defendant has "an understanding of the law in relation to the facts". *McCarthy v. United States supra.* Here we have a person of eighth grade special class education with difficulty in reading who was faced with a charge under what has been called one of the "most complicated" burglary statutes in the country. Note, *Statutory Burglary – The Magic of Four Walls and a Roof,* 100 U. Pa. L. Rev. 411, 423 n.93 (1951). The facts which the record shows he admitted did not constitute the crime to which he pleaded guilty. He should have a chance for a trial unless the State will accept his plea to the lesser offense which he admits committing.

*McMann v. Richardson,* 397 U.S. 759 (1970), *Brady v. United States,* 397 U.S. 742 (1970), and *North Carolina v. Alford,* 400 U.S. 25 (1970), cited by the court are not relevant here. They are cases where the defendants had full knowledge of the charges against them. They pleaded guilty to lesser offenses to avoid the possibility of more serious sentences including the death penalty. The fact that they and their lawyers miscalculated on the admissibility of evidence or the imposition of the death penalty did not of course entitle them to withdraw their pleas. No such situation existed here. Here there was no plea bargain, no pleading to a lesser of-

fense, no knowledge by defendant that the facts he admitted did not constitute the offense to which he pleaded guilty.

There is no evidence in this case that defendant was advised that a jury was unlikely to believe his story and that he pleaded guilty in the hope of leniency. Considering the fact that the uncontradicted evidence in the case shows that when he was going out of the apartment, he met the tenant and a friend coming in and explained to them that he had come for his possessions which he then had with him in a bag, it cannot be said that no jury could believe his story. The court's reference to what it calls counsel's "apparent judgment" has no basis whatever in the record. In any event, it is defendant's right to make the decision whether to go to trial, not that of counsel. *Brookhart v. Janis,* 384 U.S. 1 (1966).

I share the court's respect for defendant's trial counsel, but I think the result reached by the majority is unfortunate for its possible effect on the future administration of criminal justice in our trial courts. Today's decision, by approving the procedures in this case, lulls the trial court into a sense of complacency and discourages improvement and thereby needlessly endangers all future convictions obtained by guilty pleas. It is the hope of preventing this possibility that I write in this case. While the court's decision may be upheld in the federal courts, in my judgment reliance cannot safely be placed on that contingency.

It is a simple matter to modify the "Acknowledgment of Rights" to include all constitutional rights which are being waived and to furnish a space where the authorized and/or required penalty for the particular crime involved can be inserted. And it would take but a minute or two on the record to determine whether the facts defendant admits constitute the crime to which he is pleading guilty. Preventive measures taken now will help to insulate future pleas from successful attack.