Hillsborough
No. 7833

THE STATE OF NEW HAMPSHIRE

v.

CLEO R. ROY

January 16, 1978

*David H. Souter*, attorney general (*Edward A. Haffer*, assistant attorney general, orally), for the State.

*Charles E. Dibble*, of Contoocook, by brief and orally for the defendant.

## MEMORANDUM OPINION

On October 3, 1976, a juvenile petition was filed against the defendant alleging that he killed a police officer, an act which would have been a felony (first degree murder) if he had been an adult. The defendant, represented by counsel, waived a certification hearing in the Manchester District Court. This was done under an agreement that (1) he would waive indictment, and plead guilty to second degree murder, and (2) the State would recommend a sentence of life imprisonment, RSA 630:1-b, with the understanding that "the minimum eighteen years would be in effect and the normal parole eligibility . . . would apply." The district court certified defendant to superior court on November 4, 1976, after considering the probation department's report and all relevant information.

In the superior court, defendant waived indictment and was charged with second degree murder. The court, however, before plea, informed defendant that the sentence recommendation would not be accepted and that the court would not be bound by it. After consultation with his counsel and parents, defendant pleaded guilty. After personally addressing the defendant, the court accepted the plea and imposed a sentence of "fifty years to life."

Thereafter, defendant obtained new counsel and moved to withdraw the certification, waiver of indictment, and plea of guilty. After hearing, the motion was denied and defendant's exceptions were transferred by *King*, J.

The defendant was given an opportunity for a hearing on certification and the record does not compel a finding that his waiver of the hearing was anything but voluntary. The certification was made on evidence which furnished a sufficient basis for the order. The record also fully supports the trial court's denial of the motion to withdraw the waiver of indictment and the guilty plea. If the record of what occurred at the entry of the plea was all we had to rely on, there might be difficulty in upholding its acceptance. *See State v. Allard*, 116 N.H. 240, 356 A.2d 671 (1976) (Grimes, J., dissenting). However, defendant's own testimony at the hearing on this motion reveals that he fully understood that the court would not impose a straight life sentence, that, before the plea, his counsel had explained to him the full range of penalties, and that he could get a greater sentence than he had bargained for. *See St. Pierre v. Vitek*, 114 N.H. 766, 769–70, 330 A.2d 117, 119–20 (1974); *State v. Allard*, 116 N.H. 240, 356 A.2d 671 (1976). The

4

fact that he received more than he hoped for when he took his "chance" does not entitle him to withdraw his plea after finding out what the sentence was. The denial of the motion was proper.

*Exceptions overruled.*

LAMPRON, J., did not sit.