Hillsborough
No. 79-443

THE STATE OF NEW HAMPSHIRE

v.

ERNEST W. HARDY

September 3, 1980

*Thomas D. Rath,* attorney general (*Richard C. Nelson,* attorney, orally), for the State.

*Bruce E. Kenna,* Hillsborough County public defender, by brief and orally, for the defendant.

GRIMES, C.J.   The issues in this attempted aggravated sexual assault case are whether a mistrial should have been granted when the judge in a non-jury case hears evidence of other offenses for which the defendant has not been charged and whether the evidence supports a guilty verdict. We uphold the verdict.

The defendant was indicted for an attempt to commit an aggravated sexual assault on a nine-year-old girl. Jury was waived and after a trial by the Court (*Cann,* J.) the defendant was found guilty.

At the time of the alleged incident, the defendant lived in the same house with the victim, a nine-year-old girl, and her mother. On June 20, 1978, he was babysitting for the girl while the mother was out. The girl testified that the defendant was lying on the couch in the livingroom that also served as his bedroom and that they were watching television. She stated that he asked her to change out of her pants into a skirt, which she did in her bedroom. She testified that when she returned, he asked her to get on top of him, that he unzipped his fly and that she felt his "dink" inside her. After a period of time, he told her to put her pants back on which she did.

The girl testified that she did not immediately inform her mother of the incident because the defendant had told her not to. About three weeks later, after the girl returned from a two-week visit with relatives, her mother asked her if the defendant had ever touched her. In response to her questioning, the girl revealed the incident. The mother then notified the police who interviewed the girl. The girl was at first reluctant to talk until assured that she would not be taken away from her mother because of what happened. The interviewing officer testified that he had questioned her repeatedly and that she had given consistent answers. A second  officer, unaware that a previous statement had been obtained, also obtained a statement from the girl that was consistent with the one taken by the first officer.

During the trial, the girl spontaneously mentioned other sexual contacts between her and the defendant, and the court, over

objection, allowed the prosecution to pursue the evidence further. A sealed envelope containing a statement allegedly made by the defendant concerning a sexual assault on the girl's sister was marked for identification for the convenience of a police officer.

The defendant argues that a mistrial should have been declared because the judge heard evidence irrelevant to the charged offense that was extremely prejudicial. If the trial had been to a jury, we would have a serious problem in upholding the verdict. There was no jury, however, and the trial judge expressly stated that he "had nothing in . . . mind about any prior incident" with the girl or her sister. He also stated that in determining guilt or innocence, he would not be "concerned with and [would] have nothing to do with any other charge," and that he did not view any other incident "as having any bearing on this particular case whatsoever."

■ We have no doubt that the trial judge did as he said he would do, *i.e.*, disregard the evidence in question and decide guilt or innocence without regard to and uninfluenced by it. *Fournier v. Kattar*, 108 N.H. 424, 238 A.2d 12 (1968); *Starbird v. Johnson*, 324 A.2d 298 (Me. 1974); *see State v. Aubert*, 118 N.H. 739, 393 A.2d 567 (1978). Thus, we reject this argument.

■ The defendant claims that the evidence introduced against him is not sufficient to support the guilty verdict. In determining this issue, we follow the test laid down in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See State v. Kiluk*, 120 N.H. 1, 410 A.2d 648 (1980). Considering all the evidence construed most favorably to the prosecution and deferring to the trial judge's assessment of credibility, we cannot say that no rational person could find guilt beyond a reasonable doubt. As in most cases of this kind, credibility is the central issue. *See, e.g., State v. St. John*, 120 N.H. 61, 410 A.2d 1126 (1980). The alleged victim testified to facts which, if believed, clearly were sufficient to sustain conviction. Credibility was for the trial court, and we cannot say that no reasonable person could find the victim's testimony credible. Corroboration is not required. RSA 632-A:6 (Supp. 1979).

■■ It is true, as the defendant argues, that the girl testified to penetration while the State made no such claim. This inconsistency does not compel disbelief in her testimony. The State may charge a lesser offense even though its evidence may show a greater offense. *State v. Blake*, 113 N.H. 115, 305 A.2d 300 (1973). The medical testimony that an examination of the victim a month after the alleged incident showed no evidence of abnormality is not

necessarily inconsistent with the girl's testimony. She did not testify to any degree of penetration and in fact at one point testified that she "thought" it was inside. Actual penetration is of course relevant only on the issue of her credibility inasmuch as it is not a necessary element of the crime of attempt. It could be found that her testimony was credible even if it were found that she was mistaken about the actual penetration.

We acknowledge that cases of this kind are difficult to defend against. We believe that the trial judge in this case was aware of this and, after considering the evidence carefully, arrived at the verdict only after being convinced of guilt to a degree of "near certitude." *Jackson v. Virginia, supra* at 315. We decline to rule that no rational trier of fact could reach that conclusion on the evidence in this case.

*Exceptions overruled; affirmed.*

All concurred.