Cheshire
No. 79-450

THE STATE OF NEW HAMPSHIRE

v.

FRANK W. TORRES, JR.

October 1, 1981

*Gregory H. Smith,* attorney general (*Peter W. Mosseau,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* of Concord, by brief for the defendant.

PER CURIAM. The defendant was indicted for the first-degree murder of William Maxson, whose mutilated body was found on March 23, 1978. His case was set for trial on January 17, 1979, at which time he presented to the Court (*DiClerico,* J.) a waiver of indictment for second-degree murder, to which he wished to plead guilty under a plea agreement, together with a plea of guilty to an unrelated burglary charge. The second-degree murder waiver alleged that the defendant had recklessly caused the death of William Maxson under circumstances manifesting an extreme indifference to the value of human life by shooting him in the head with a gun. RSA 630:1-b.

The defendant signed an acknowledgment of rights form, and, after inquiry by the court and a statement by the prosecutor as to what occurred, the plea was accepted, and the defendant was sentenced to a term of twenty-two years to life. Thereafter, he filed a motion to reduce the sentence and to withdraw his plea on the ground that it was involuntary because he was on medication at the time of the plea. The reduction of sentence was denied, after hearing, by *DiClerico,* J. The defendant amended his motion to withdraw his plea to allege that there was no intelligent admission that he committed the offense. The court denied the motion, and the defendant filed an appeal in which the issue is limited to the question whether his plea was voluntary in the sense that he had an understanding of the law in relation to the facts.

The defendant's claim is based on the fact that at the time of the plea his counsel referred to the act as an "accident," and he argues that this does not constitute an admission of the offense charged.

At the time of the plea, the prosecutor told the court that most of what was known about the shooting was gained from what the defendant told various people. He stated that the defendant and Maxson were drinking and went to Maxson's house where they

drank more and that an argument ensued between them. The defendant grabbed his revolver and fired some shots into the wall next to Maxson's head intending to scare him, but he was not scared and then a shot was fired into his forehead between his eyes. He died almost instantly.

To this the defense counsel stated that his objection would be primarily that the shooting was a tragedy, "an accidental shooting of Torres' best friend," but stated that "the factual chronological events are correct." Later, defense counsel added that the shooting was an accident, as "a reckless act," it was not a purposeful act, "it was an accident, it was a reckless act and he accepts that it has been done."

The defendant not only had the waiver of indictment read to him in open court, but when he was asked specifically by the court if he was guilty of second-degree murder by recklessly causing the death of William Maxson under circumstances manifesting an extreme indifference to the value of human life by shooting him in the head, the defendant answered in the affirmative. When the defendant addressed the court on the question of sentence, he did not mention anything about an accident but only expressed a desire to rehabilitate himself.

It was not until the hearing on the motion to withdraw the plea, ten months after the court accepted his plea to the lesser offense and sentence had been imposed, that the defendant informed the court that he claimed the shooting happened when the victim grabbed the gun after the defendant had fired five shots into the wall. However, a trooper testified that shortly after his arrival, the defendant claimed that the shooting occurred during an argument between the victim and his wife when the defendant was not even in the room. The trial judge was entitled to disbelieve the defendant and to conclude that his story at the hearing on the motion to withdraw the plea was contrived, and that he fully understood the law in relation to the facts at the time of his plea.

The reference of his attorney to an accident is in no way inconsistent with recklessness, the consequences of which are unintentional and therefore, in that sense, accidental. The use of the term was obviously for the purpose of distinguishing an unintended killing from an intentional one. The facts which were admitted by the defendant at the time of the plea certainly showed recklessness as well as an extreme indifference to the value of human life and supplied a factual basis for the plea. *See State v. Howland*, 119 N.H. 413, 402 A.2d 188 (1979). The same judge who took the plea also heard the evidence on the motion to set aside the plea and was

thereafter even more convinced from the defendant's own testimony that the plea was truly voluntary and that the defendant acted recklessly.

■■ This case is controlled by *State v. Beaulieu*, 119 N.H. 311, 401 A.2d 1076 (1979), as there are in this record "no claims of innocence, no denials of guilt, or statements which, if true, would establish innocence. . . ." *Id.* at 319, 401 A.2d at 1080. Unlike the situation in *Henderson v. Morgan*, 426 U.S. 637 (1976), this defendant not only had the charge, which included all the elements of the crime, read to him at least twice but also admitted all the elements in response to questions by the court. Nor does this case even approach *State v. Allard*, 116 N.H. 240, 356 A.2d 671 (1976), in which we found no constitutional deprivation. There, at the sentencing hearing which followed directly after the plea, defense counsel related a set of facts inconsistent with the plea, which was the same set of facts relied upon for withdrawal of the plea. *See Allard v. Helgemoe*, 572 F.2d 1 (1st Cir. 1978). Moreover, the record is clear that all of defendant's counsel explained the charge to him. In sum, we hold that the trial court's finding that the defendant's plea was truly voluntary was well supported by the record.

*Appeal dismissed.*

BATCHELDER, J., did not participate.