ELLIOTT W. TAYLOR & a.

v.

ROBERT H. GAGNE

November 16, 1981

*Decker, Fitzgerald & Sessler P.A*, of Laconia (*David R. Decker* on the brief), by brief for the plaintiffs.

*Nighswander, Lord, Martin & KillKelley*, of Laconia (*Walter L. Mitchell* on the brief), by brief for the defendant.

PER CURIAM. In this appeal, the plaintiffs challenge the adequacy of damages which the Superior Court (*Batchelder*, J.) awarded to them as a result of the defendant contractor's failure to fulfill his obligations under a purchase and sale agreement entered into by the parties. We find no error and affirm.

On May 26, 1977, the plaintiffs purchased an unfinished house from the defendant. The purchase and sale agreement obligated the defendant to finish the house and also to make certain improvements to the property, including landscaping. The plaintiffs moved into the house when it was substantially completed, but disputes subsequently arose relating to the completion of the project, and the plaintiffs commenced this action in April 1979.

During a lengthy trial, the plaintiffs presented much testimony from contractors, landscapers and architects regarding the front and backyard, the swimming pool, and the house. Nonetheless, after the defendant completed presentation of his evidence, the plaintiffs sought to present additional evidence regarding the retaining walls of the house. The trial judge denied the plaintiffs' request to present this evidence because he was of the opinion that

such testimony should have been presented during the plaintiffs' case-in-chief.

Although the court awarded the plaintiffs a net verdict in excess of $17,000, he ruled that the plaintiffs had not met their burden on many of their claims. He awarded damages on those claims where the burden had been met, listing the unfinished or defective items that were supported by the evidence and which were *"generally"* the basis for the court's ultimate award.

On appeal, the plaintiffs claim that the award is inadequate in view of the evidence presented. They also contend that the trial court erred in refusing to allow the rebuttal testimony of their witness.

■■ All of the issues raised by the plaintiffs are based on findings and rulings that were within the discretion of the trial court. Our standard of review is to determine whether a reasonable man could have reached the same decision as the trial court on the basis of the evidence before it. *Sargent Lake Ass'n v. Dane*, 118 N.H. 720, 722, 393 A.2d 559, 561 (1978). We hold that a reasonable person could have decided as the trial court did, and therefore affirm the trial court's findings.

*Affirmed.*

BATCHELDER, J., did not participate.