Merrimack
No. 81-103

CLEO R. ROY

v.

EVERETT I. PERRIN, WARDEN,
NEW HAMPSHIRE STATE PRISON

February 12, 1982

92

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the plaintiff.

*Gregory H. Smith,* attorney general (*Brian T. Tucker,* assistant attorney general, on the brief and orally), for the State.

BROCK, J. This is an appeal from the denial of a petition for writ of habeas corpus. The plaintiff sought the writ alleging that: (1) his plea of guilty to second-degree murder was involuntary; (2) he was incompetent to plead guilty; (3) under RSA 169:21-b [now in RSA 169-B:26], his election to be tried as an adult was invalid; and (4) the sentencing procedure in his case was improper due to the lack of a presentence investigation report when he was originally sentenced. After a hearing, the Superior Court (*Dalianis,* J.) denied the writ, but ordered that a presentence report be prepared and that a new sentencing hearing be held. The order was stayed pending appeal.

Both parties appeal from the court's decree. The plaintiff appeals those portions of the decision which relate to the finding that he was competent to plead guilty, that his plea was voluntary, and that, under RSA 169:21-b [now in RSA 169-B:26], his waiver of a hearing by which he would be certified for trial as an adult, instead of as a juvenile, was valid. The State appeals the court's order that the plaintiff must be resentenced. We affirm the trial court's denial of the writ of habeas corpus, but hold that it erred in its determination that the defendant must be resentenced.

On October 3, 1976, a juvenile petition (RSA 169:21-a) was filed against the plaintiff, who was then fifteen years old, alleging that he had killed a police officer, an act which would have been a felony (first-degree murder) if he had been an adult.

On October 27, 1976, in the Manchester District Court (*O'Neil,* J.) the plaintiff, represented by counsel, waived a certification hearing (RSA 169:21-b [now in RSA 169-B:26]). The waiver was made in connection with an agreement that the plaintiff would waive indictment on a first-degree murder charge, and plead guilty to a complaint charging him with second-degree murder. In addition, the State agreed that it would recommend a sentence of life imprisonment, RSA 630:1-b II, with the understanding that "the minimum eighteen years would be in effect and the normal parole eligibility . . . would apply."

On November 4, 1976, the district court certified the plaintiff to the superior court for treatment as an adult, after considering a comprehensive probation-investigation report, which had been reviewed by both the plaintiff and the State, and other relevant information before it.

On November 9, 1976, the plaintiff appeared in the Superior Court (*King*, J.) with counsel and waived indictment by the grand jury. On the same date, the State filed a complaint charging him with second-degree murder, RSA 630:1-b I, and a hearing was held at which the plaintiff appeared and indicated his intention to enter his plea of guilty in accordance with his plea-bargain arrangement with the State. The trial court, upon being advised of what the State's sentence recommendation would be and before any plea was entered, not only advised the plaintiff that it would not be bound by the State's sentence recommendation, but also informed him that the recommendation would not be accepted. A recess was taken and, after a period of deliberation and consultation with his counsel and parents, the plaintiff nevertheless decided that he would plead guilty to the second-degree murder charge. The record indicates that an important factor in his decision to do so was to avoid the possibility of a "life without parole" sentence which might result if his plea-bargain arrangement with the State should collapse in its entirety and he should later be convicted of first-degree murder. *See* RSA 630:1-a III (those convicted of first-degree murder are not eligible for parole, while those convicted of second-degree murder are). *Cf. State v. Farrow*, 118 N.H. 296, 303, 386 A.2d 808, 812 (1978).

The trial court then addressed numerous questions to the plaintiff about his plea, was satisfied that the plaintiff entered it freely, voluntarily and intelligently, and accepted it. During the sentencing hearing, the court read the probation-investigation report and numerous other documents transferred from the district court and gave all parties an opportunity to be heard on the question of what sentence should be imposed. After hearing the State's and the plaintiff's counsel's sentence recommendations, and giving the plaintiff himself an opportunity to speak in his own behalf, the trial court imposed a sentence of "fifty years to life."

Thereafter, the plaintiff obtained new counsel and moved to withdraw his certification as an adult, his waiver of indictment, and plea of guilty. After a hearing in March 1977, that motion was denied (*King*, J.). An appeal was taken to this court, and we affirmed the ruling of the trial court, holding that the record fully supported a finding that his plea of guilty and waiver of a certification were voluntary and knowing and that the certification was made on evidence which furnished a sufficient basis for the order. *State v. Roy*, 118 N.H. 2, 3, 381 A.2d 1198, 1199 (1978). Present counsel later became involved in the case, and, in November 1980, habeas corpus proceedings were begun on behalf of the plaintiff.

The Superior Court (*Dalianis*, J.) considered the evidence pre-

sented by the plaintiff in support of his allegation that he was incompetent to plead guilty. She concluded that because the weight of the evidence presented indicated that the plaintiff was, at the time of his guilty plea, capable of consulting with his lawyer in a rational manner and understood the proceedings against him, the plaintiff had not met his burden of proving by a preponderance of the evidence that he was incompetent to plead guilty.

■■ Review of the transcript of the habeas corpus proceeding indicates that the trial court employed the correct standard in assessing whether the plaintiff was competent to plead guilty. The standard for assessing competency to plead guilty is the same as that for assessing competency to stand trial. *See Allard v. Helgemoe*, 572 F.2d 1, 3, *cert. denied*, 439 U.S. 858 (1978). That test is: "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *Allard v. Helgemoe*, 572 F.2d at 3; *see United States ex rel. Roth v. Zelker*, 455 F.2d 1105, 1108 (2d Cir.), *cert. denied*, 408 U.S. 927 (1972). A plaintiff in a habeas corpus proceeding must prove by a preponderance of the evidence that he did not meet this test of competency at the time of his guilty plea. *Zapata v. Estelle*, 585 F.2d 750, 752 (5th Cir. 1978); *see* ABA STANDARDS OF CRIMINAL JUSTICE, *Post-conviction Remedies*, std. 22-4.6(d) (Approved Draft 2d Ed. 1980).

The plaintiff argues that the trial court erred in finding that he had not met his burden of proving that he was incompetent to plead guilty. The plaintiff claims that the court's finding was clearly against the weight of the evidence presented by the plaintiff concerning his age and psychological disabilities.

■ The weight to be given testimony depends on the credibility of the witnesses, and the credibility of witnesses is for the trial court to determine. *State v. Hardy*, 120 N.H. 552, 554, 419 A.2d 398, 400 (1980). The plaintiff presented two witnesses: an expert who testified concerning his alleged psychological disabilities at the time of his plea, and an attorney who had represented the plaintiff for the first time *after* the plea and had concluded that the plaintiff did not understand the nature of the criminal proceedings against him.

■■ The trial court, however, in reaching its decision, elected to rely on the testimony of three attorneys who had either represented or spoken with the plaintiff before or at the time he entered

his guilty plea. They testified that the plaintiff "appreciated the grave nature of the charge against him and the severity of the consequences he faces upon his conviction and that he was able to assist his attorney in his defense and to comprehend the necessary elements of the crimes of first and second degree murder."

The court could have disbelieved any part of the testimony even if no evidence was introduced to rebut it. *State v. Rullo*, 120 N.H. 149, 152, 412 A.2d 1009, 1012 (1980); *St. Pierre v. Vitek*, 114 N.H. 766, 770, 330 A.2d 117, 119 (1974). The fact that some testimony was that of an expert did not compel a different conclusion. *State v. Rullo*, 120 N.H. at 152, 412 A.2d at 1012; *State v. Hesse*, 117 N.H. 329, 332, 373 A.2d 345, 347 (1977); *St. Pierre v. Vitek*, 114 N.H. at 770, 330 A.2d at 119. *See also State v. Hudson*, 119 N.H. 963, 966–67, 409 A.2d 1349, 1351 (1979). Because we cannot find that no reasonable person could have come to the same conclusion as to the weight to be given to the conflicting testimony in this case, we defer to the trial court. *State v. Hardy*, 120 N.H. at 554, 419 A.2d at 400; *see 93 Clearing House, Inc. v. Khoury*, 120 N.H. 346, 350, 415 A.2d 671, 679 (1980).

The plaintiff argues next that the trial court erred when it denied his request to reopen the habeas corpus proceeding to present rebuttal evidence on the issue of his competency to plead guilty. After both sides had rested, the plaintiff moved to reopen the case to present prison records which would purportedly establish the number of times two of the attorneys who had represented him at different times had visited him at the State prison. The reason offered for presenting this additional evidence was to support the plaintiff's contention that the attorney who had testified on his behalf at the habeas corpus hearing had more opportunities to converse with and observe him than one of the attorneys who was called by the State as a witness. The attorney who first represented the plaintiff before the guilty plea had concluded that his client was competent, while the attorney who represented him after the guilty plea came to the opposite conclusion.

■■ The admissibility of evidence in rebuttal is committed to the sound discretion of the trial judge, and the court's ruling will not be disturbed unless there has been a clear abuse of that discretion. *Taylor v. Gagne*, 121 N.H. 948, 949, 437 A.2d 262, 263 (1981); *United States v. Chrzanowsky*, 502 F.2d 573, 576 (3d Cir. 1974); *see State v. Donovan*, 120 N.H. 603, 607, 419 A.2d 1102, 1105 (1980). Clearly, there was no abuse of discretion in this case because the testimony offered by the plaintiff was not relevant to his compe-

tency at the time he pled guilty. *See Dusky v. United States*, 362 U.S. at 402.

The plaintiff next contends that even if he was competent to plead guilty, he did not voluntarily and intelligently waive the constitutional rights one forfeits by entering such a plea. This argument was addressed in *State v. Roy*, 118 N.H. 2, 3, 381 A.2d 1198, 1199 (1978), where we held that the record supported the trial court's finding that the defendant's guilty plea was voluntary and intelligent. Further, it is to be noted that the Superior Court (*Dalianis*, J.) at the habeas corpus hearing also considered this issue and concluded that because the trial judge properly conducted a colloquy with the plaintiff establishing on the record that the plaintiff's plea of guilty was voluntary and knowing, *Boykin v. Alabama*, 395 U.S. 238 (1969), and because the plaintiff had not introduced new evidence at the habeas corpus hearing showing his incapacity to understand abstract concepts associated with his plea, he had failed to prove by a preponderance of the evidence that his guilty plea was unknowing and involuntary.

◼ The plaintiff asserts, that in the light of the evidence that was before the trial court at the habeas corpus hearing, its analysis of the issue of voluntariness was incomplete as a matter of law. He argues that actual comprehension of one's rights is only one aspect of voluntariness and that the trial court failed to consider additional factors, such as his age, mental condition, the circumstances of his incarceration and the rush of events at the time of the plea, in establishing whether his plea was truly voluntary.

Even assuming that the plaintiff's capacity to understand his rights may have been affected by these factors, his guilty plea would not automatically be rendered invalid. There is no fixed age limitation on one's ability to plead guilty. *See Commonwealth v. Alston*, 373 A.2d 741, 744 n.4 (Pa. Super. Ct. 1977) (appellant fifteen years old); *Commonwealth v. Moore*, 440 Pa. 86, 88, 91, 270 A.2d 200, 201, 203 (1970) (thirteen-year-old defendant). Furthermore, deficiencies in a criminal defendant's physical and mental make-up do not necessarily compel a finding that his plea was involuntary and unintelligent. *St. Pierre v. Vitek*, 114 N.H. at 770, 330 A.2d at 119. Moreover, even a criminal defendant's inability to understand part of the offense with which he is charged, despite the best efforts of his attorney to explain it to him, does not, without more, result in an unconstitutional guilty plea. *Allard v. Helgemoe*, 572 F.2d at 6.

◼ The test set forth in *Allard* to determine whether a guilty plea is valid takes into account the information available to help a

defendant make his decision, the degree of confusion or incapacity demonstrated by the defendant and the effect the defendant's lack of comprehension had on his decision to plead guilty. *Id.* at 3. This test is consistent with the "totality-of-the-circumstances" analysis which a trial court must apply when dealing with confessions by a juvenile. *See Fare v. Michael C.*, 442 U.S. 707, 725 (1979). *See also State v. Laroche*, 117 N.H. 127, 132, 370 A.2d 631, 634 (1977); *St. Pierre v. Vitek*, 114 N.H. at 769–70, 330 A.2d at 119–20.

 In a habeas corpus proceeding, the burden of proof is on the plaintiff to prove by clear and convincing evidence that his plea was not entered intelligently or voluntarily and that withdrawal of the plea must be allowed to correct a manifest injustice. *State v. Besso*, 72 Wis. 2d 335, 344, 240 N.W.2d 895, 899 (1976); ABA STANDARDS FOR CRIMINAL JUSTICE, *Plea Withdrawal*, std. 14-2.1b(ii) (Approved Draft 2d Ed. 1980); *see State v. Laroche*, 117 N.H. 127, 131, 370 A.2d 631, 634 (1977).

 We are satisfied that the trial court properly took into account the factors set forth in *Allard v. Helgemoe*, 572 F.2d at 3, as well as the special concerns of age and maturity of this particular juvenile, *Fare v. Michael C.*, 442 U.S. at 725. Although the trial court erroneously employed a preponderance of the evidence standard in determining that the plaintiff had not met his burden of proof on this issue, this error did not prejudice the defendant because it placed a lesser burden on him than if the correct standard had been used. *See State v. Koski*, 120 N.H. 112, 115, 411 A.2d 1122, 1124 (1980). Because the trial court's decision was well supported in the record, we affirm its determination that the defendant's plea of guilty was voluntary and knowing. *See State v. Torres*, 121 N.H. 828, 831, 435 A.2d 527, 528–29 (1981).

The plaintiff argues that his election to be tried as an adult renders the entire sentencing process in his case invalid *per se*, because a juvenile of less than seventeen cannot waive certification pursuant to RSA 169:21-b (1975) (now in RSA 169-B:26), and further that the procedures the district court followed for his certification as an adult did not conform to the standards of *Kent v. United States*, 383 U.S. 541, 557 (1966); *see State v. Smagula*, 117 N.H. 663, 667–68, 377 A.2d 608, 610–11 (1977).

 At the habeas corpus hearing, the Superior Court (*Dalianis*, J.) ruled that because the record showed that the district court judge made his decision after considering the severity of the alleged offense and the probation-investigation report, the waiver of a certification hearing by the plaintiff had no effect on

the district court's decision and that the district court substantially followed the procedures proposed in *Kent v. United States*, 383 U.S. at 557.

As did the superior court, we conclude, after a review of the record, that the district court's order of certification was based, not on the act of the plaintiff's election to be certified as an adult, but on the facts embodied in the probation-investigation report and on the seriousness of the offense charged.

RSA 169:1-b (1975) (now RSA 169-B:26 (Supp. 1979)) provides:

> "*Election by Child.* In a juvenile court, at any time before a hearing on the allegations of a petition filed pursuant to RSA 169:3, a child who is charged with an act of delinquency committed after his seventeenth birthday may by motion elect to be tried as an adult and to have his case dealt with in the same manner as any other criminal prosecution."

Although we agree with the plaintiff that his election to be tried as an adult, standing alone, could not be the basis for the district court's decision to certify him as an adult, we do not construe RSA 169:21-b (1975) (now in RSA 169-B:26) as a bar to a juvenile under the age of seventeen waiving a certification hearing. Rather, we interpret it to provide only that for those who are seventeen or more, and who elect to be tried as an adult, the court need make no independent findings justifying certification. The relative maturity of those who are seventeen or older makes the application of the doctrine of *parens patriae* unnecessary. For those, however, who are less than seventeen, certification findings must still be made. As this court previously noted in *State v. Roy*, 118 N.H. at 3, 381 A.2d at 1199, "[t]he certification was made on evidence which furnished a sufficient basis for the order."

■ *Kent v. United States*, 383 U.S. at 557, sets forth procedural guidelines to ensure that the statutory requirements of "full investigation," *see id.* at 553, are met before a juvenile is certified as an adult. *See Breed v. Jones*, 421 U.S. 519, 537 (1975) (although a hearing is required, the nature or quantum of evidence necessary to support transfer of a juvenile to adult court are matters for the States). The safeguards include (1) a certification hearing, (2) access to any record the court considers in its decision, and (3) a statement of the reasons or considerations for the court's decision. *Kent v. United States*, 383 U.S. at 557.

■ The procedural safeguards in *Kent* were met: the plaintiff had competent counsel; he was given the opportunity to have a

hearing on the certification process; and his attorney was given access to the records concerning him which were before the court. Furthermore, the court reviewed all relevant information needed to make an independent and conscientious decision on the plaintiff's certification as an adult and stated the reasons for its order. Because the court properly undertook the "investigation and consideration" required by RSA 169:21-b (1975), and the court complied with the requirements of *Kent*, the plaintiff's certification is valid. *Kent v. United States*, 383 U.S. at 557; *see State v. Smagula*, 117 N.H. at 667, 337 A.2d at 610–11 (although *Smagula* does *not* retroactively apply to this case, *id.* at 669, 377 A.2d at 612).

Finally, we consider the State's argument that the trial court erred in ruling that the plaintiff must be resentenced because the provisions of RSA 651:4 were not substantially complied with. In reaching her decision, the trial justice correctly observed that "[t]he central issue involved in determining whether there was 'substantial compliance' in this case is whether the probation-investigation report was sufficiently comparable to a presentence report to meet the requirements of RSA 651:4."

RSA 651:4 I (Supp. 1979) provides in part that "[n]o person convicted of a felony shall be sentenced before a written report of a presentence investigation has been presented to and considered by the court, unless waived by defendant and the state."

In connection with the certification process, the probation department undertook a comprehensive background investigation of the plaintiff, and its written report was considered by the district court at the hearing held on October 27, 1976. The report included, *inter alia*, the plaintiff's social history, a report on his prior contacts with law enforcement, a report of his behavior and accomplishments in school, information concerning his level of maturity, and a detailed description of the circumstances of the offense.

■ Testimony in the record before us indicates that Attorney Holland, then counsel for Cleo Roy, himself reviewed the probation report, reviewed it with the probation officer, reviewed it with his client and, as he states: "went over it with him line by line to determine whether he had any additions, corrections, alterations or deletions or changes of any kind whatsoever. . . . Cleo . . . had no changes at all in the report." At the sentencing hearing held in the superior court less than two weeks later, on November 9, 1976, upon motion of the plaintiff's attorney, the report was incorporated into the proceedings and the judge read it. Because the sentencing judge had before him and read a detailed and up-to-date probation

report, we hold that RSA 651:4 I (Supp. 1979) was substantially complied with. *Cf. State v. Schulte*, 119 N.H. 36, 39, 398 A.2d 63, 65 (1977); *cf. Bourgeois v. Town of Bedford*, 120 N.H. 145, 148–49, 412 A.2d 1021, 1023 (1980).

██ Further, this State's contemporaneous objection rule requires that objections and exceptions be taken at the appropriate time. *Martineau v. Perrin*, 119 N.H. 529, 531, 404 A.2d 1100, 1102 (1979). The time to object to any perceived irregularities in the sentencing procedure was at the sentencing hearing. That this is a proceeding upon a petition for writ of habeas corpus does not affect the applicability of the rule. *Id.* at 532, 404 A.2d at 1102; *Wainwright v. Sykes*, 433 U.S. 72, 88–89 (1977).

██ We note that not only did the plaintiff fail to object to the sentencing procedure at the time, but he also failed to raise any objections to the sentencing procedures when he had subsequent opportunities to do so (when he moved to withdraw his plea of guilty and waiver of certification hearing and when he appealed the trial court's denial of those motions).

Where the plaintiff has remained silent for four years before raising his objection, and where there are no circumstances justifying his delay or excusing his failure to object during the course of the sentencing hearing, he should not be permitted to raise his objection now. *See Diaz Torrez v. United States*, 564 F.2d 617, 619 (1st Cir. 1977). For the foregoing reasons, the trial court's order that the plaintiff be resentenced is vacated, and the petition is dismissed.

*Dismissed.*

KING, C.J., and BATCHELDER, J., did not sit; the others concurred.