Grafton
No. 86-109

THE STATE OF NEW HAMPSHIRE

v.

THOMAS R. SCHWARZ

November 7, 1986

*Stephen E. Merrill*, attorney general (*Robert B. Muh*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

The defendant appeals an order of the Superior Court (*Murphy*, J.) denying his motion to withdraw pleas of guilty to three indictments charging him with assaults upon his two-year-old stepson. We affirm.

The court accepted the defendant's guilty pleas on December 11, 1985, after an extensive colloquy on the facts of the case, the applicable law, and the standards for evaluating the constitutional sufficiency of guilty pleas. Although the interchange consisted largely of questions from the court followed by yes or no answers, the written record contains specific indications that the defendant understood the court's questions and the nature of the proceeding. The defendant testified that he was a recent graduate of Orford High School, he accurately read from the waiver of rights form, and he told the court when he failed to understand a question. He responded appropriately to questions calling for explanations of his right to demand a trial and his understanding of the rule in *North Carolina v. Alford*, 400 U.S. 25 (1971), on the strength of which he entered two of the three pleas. When the defendant inaccurately stated the law or appeared to misunderstand the court, the judge was careful to explain the errors. Defense counsel advised the court that she believed that the defendant understood the charges, the nature of the proceedings, and the consequences of his pleas. By the close of the hearing there was obvious evidentiary support for the court's findings that the pleas were knowing, voluntary, and intelligent. The court postponed sentencing until a pre-sentence report had been prepared.

At some point after the entry of the pleas the defendant allegedly suffered a blackout and was examined by a psychiatrist, Dr. E. Jeffrey Violette. On the basis of Dr. Violette's findings, the defendant moved to withdraw his guilty pleas, and his request was heard prior to sentencing, on February 7, 1986. In stating the basis for his request to withdraw the pleas, the defendant did not phrase his claim as one of legal incompetence to enter them. *See State v. Champagne*, 127 N.H. 266, 274–75, 497 A.2d 1221, 1248 (1985) (*Dusky*

standard of competence applies to all trial proceedings). He did, however, take the related position, in Dr. Violette's words, that he lacked the "cognitive capacity" to plead guilty knowingly and intelligently on the preceding December 11. The defendant himself offered no testimony about his actual understanding at the prior hearing, and he relied entirely on Dr. Violette in an effort to carry his burden to prove by clear and convincing evidence that his earlier pleas were not knowing or intelligent. *See Roy v. Perrin*, 122 N.H. 88, 97, 441 A.2d 1151, 1157 (1982) (on petition for habeas corpus, clear and convincing evidence necessary to justify withdrawal of guilty plea).

Dr. Violette testified that the defendant had an I.Q. of 77, above the range of mild retardation but below that of dull normal, and had experienced depression at the time of his pleas. He gave his opinions that the defendant was easily led, that his discursive responses probably reflected rote learning, and that by "a greater than fifty percent probability" the defendant did not understand the court's questions on December 11 or the implications of his answers.

Although the court was not bound in any event to accept Dr. Violette's conclusions, *see State v. Rullo*, 120 N.H. 149, 152, 412 A.2d 1009, 1011 (1980), other testimony by the doctor seriously limited the force of his opinions. He disclaimed any generalization that a person with an I.Q. of 77 was incapable of entering an intelligent guilty plea, he admitted that he found it "very difficult" to judge the adequacy of any given response of the defendant to the court without "having seen [the] interaction" between them, and he acknowledged that he had not read the transcript of the December 11 hearing. As against the doctor's ignorance of the earlier hearing, the trial judge of course had his personal recollection, which he could properly consider.

It is enough to say that this evidence would not compel a reasonable person to conclude to a clear and convincing degree that the defendant had lacked knowledge and intelligence when he pleaded guilty. *See Roy v. Perrin, supra* at 95, 441 A.2d at 1156.

*Affirmed.*