Merrimack
No. 88-487

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM WHEELER

December 28, 1989

*John P. Arnold,* attorney general (*Kathleen A. McGuire,* senior assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

THAYER, J. The defendant, William Wheeler, appeals his conviction for robbery, RSA 636:1, after a jury trial in the Superior Court (*DiClerico,* J.). The issue he raises concerns testimony the trial court admitted over the defendant's objection. For the reasons that follow, we affirm.

The facts are not in dispute. On April 22, 1986, Nancy Mitchell went to bed around 7:30 p.m. Her boyfriend, Jimmy, was entertaining guests at their apartment, and after a while, everyone including her boyfriend left. Around 9:30 that evening, James Bryson, whom Ms. Mitchell had never met, knocked at Ms. Mitchell's door and asked for Jimmy. Ms. Mitchell opened the door, explained that Jimmy was not home, and returned to bed. Mr. Bryson returned to Ms. Mitchell's residence around 11:00 p.m., this time accompanied by the defendant, and knocked on the door again looking for Jimmy. Ms. Mitchell refused to open the door, explaining that Jimmy was not home. The defendant then said, "You know me. I am Bill Wheeler." Ms. Mitchell said it was late, she did not care who it was, and that she was not going to open the door. After repeating to the men that she would not let them in, the door was kicked open and Mr. Bryson entered the apartment, brandishing a knife. Mr. Bryson continued asking for Jimmy, saying that Jimmy owed him $120 and "he wasn't going to play games." The defendant, who had been standing in the hall, was also carrying an open knife, and he came into the apartment a few minutes later. Faced with the two men, both of whom were displaying knives, Ms. Mitchell went into her bedroom to get the money Mr. Bryson demanded. Both Mr. Bryson and the defendant followed her to her bedroom. Ms. Mitchell had $400 in her wallet, and gave Mr. Bryson the $120 he insisted Jimmy owed him. The men then left the apartment. Two minutes later, however, the defendant returned to the apartment and told Ms. Mitchell, "He wants the rest of your money." The defendant did not display his knife at this point, but Ms. Mitchell testified that she had no doubt that the defendant still had the knife with him. Fearing for her life, Ms. Mitchell turned over the remainder of the $400, which was $280, to the defendant, who then left the apartment.

The defendant was charged with armed robbery in violation of RSA 636:1. Prior to trial, he made a motion *in limine* to prevent the State from introducing evidence that he was armed with a knife the first time he entered Ms. Mitchell's apartment. The defendant contended that there were two separate robberies, that he was charged only with the second robbery, and that evidence of his display of the knife during the first robbery would impermissibly prejudice him in his trial for the second robbery. After a hearing, the trial court ruled that there was only one incident in question, and denied the defendant's motion. The jury subsequently found the defendant guilty of robbery, and the court imposed a sentence of 3 1/2 to 7 years at the New Hampshire State Prison.

■ The law is well-established that the State must prove each element of an offense charged beyond a reasonable doubt before a trier of fact can find a defendant guilty. *See State v. Wentworth*, 118 N.H. 832, 835, 395 A.2d 858, 860 (1978); R. McNamara, 1 New Hampshire Practice, Criminal Practice and Procedure § 703 (1980). According to the statute defining robbery,

"I. A person commits the offense of robbery if, in the course of committing a theft, he:

(b) Threatens another with or purposely puts him in fear of immediate use of physical force.

II. An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft...."

RSA 636:1.

■ Although the defendant was convicted of robbery, which is a class B felony, he was charged with armed robbery, which is a class A felony. *See* RSA 636:1. Armed robbery requires that a defendant be armed with a deadly weapon or reasonably appear to the victim to be armed with a deadly weapon. RSA 636:1, III(a), (b). A deadly weapon is defined as "any firearm, knife or other substance or thing which, in the manner it is used, intended to be used, or threatened to be used, is known to be capable of producing death or serious bodily injury." RSA 625:11, V. For the State to prove that the defendant committed the alleged offense of armed robbery, it was necessary for the State to introduce evidence that the defendant was armed with a deadly weapon or reasonably appeared to be armed with a deadly weapon.

The defendant argues that by charging the defendant separately from Mr. Bryson, the State has divided the robbery into two separate criminal events, such that the defendant's alleged robbery

was an incident separate and distinct from Mr. Bryson's robbery two minutes earlier. Thus, the defendant argues, evidence that he had a knife during the earlier robbery constitutes evidence of a prior bad act which should not have been admitted during his trial because its prejudicial effect outweighed its probative value. *See* N.H. R. Ev. 403, 404(b).

In arguing that the trial court should have excluded evidence that the defendant displayed a knife when he first entered Ms. Mitchell's apartment, because it was irrelevant to whether or not he committed armed robbery when he re-entered the apartment two minutes later, and was therefore prejudicial, the defendant misconstrues the issue. The trial court found that "the [incidents] in question all occurred within minutes of each other, thereby constituting one event." In essence, the trial court determined that the criminal acts allegedly committed by Mr. Bryson and the defendant, and the defendant's re-entry and taking of the $280 two minutes later, occurred so closely in time as to constitute one continuing incident, and that the defendant's conduct during the initial entry was relevant to and probative of the armed robbery charge against him.

The fact that the defendant displayed a knife when he first entered Ms. Mitchell's apartment is relevant to prove two elements of the armed robbery offense with which he was charged: that the defendant purposely put Ms. Mitchell in fear of immediate use of physical force, and that he reasonably appeared to Ms. Mitchell to be armed with a deadly weapon. RSA 636:1. Although there was no evidence that the defendant brandished a knife upon his second entry into the victim's apartment, evidence that he had a knife two minutes earlier is relevant to the issue of whether or not the defendant reasonably appeared to be armed when he took the $280 from Ms. Mitchell. *See* N.H. R. Ev. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

The trial court's determination that the robbery by Mr. Bryson and the defendant could reasonably be understood as one event for evidentiary purposes was supported by the evidence and therefore within the discretion of the trial court to make. On appellate review, we will uphold such a ruling if a reasonable person could have reached the same decision as the lower court based on the evidence before it. *State v. Chaisson*, 123 N.H. 17, 27–28, 458 A.2d 95, 101 (1983); *Taylor v. Gagne*, 121 N.H. 948, 949, 437 A.2d 262, 263 (1981). After viewing the evidence presented

below, we find that a reasonable person could have found that the acts committed by Mr. Bryson and the defendant were so closely related in time and place to the defendant's re-entry as to constitute one incident. Additionally, the defendant's initial entry was relevant to and probative of the issue whether he reasonably appeared to be armed with a deadly weapon, an element of the armed robbery charge which the State had the burden to prove. Accordingly, we hold that the trial court did not commit error in permitting the State to introduce evidence that the defendant was carrying an open knife when he initially entered Ms. Mitchell's apartment, and therefore affirm the defendant's conviction.

*Affirmed.*

All concurred.