Steven Aubertin v. Fairbanks Capital  CV-04-358-PB  2/11/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Steven Aubertin**

    v.

**Fairbanks Capital Corp.
and U.S. Bank, N.A.**

Civil No. 04-358-PB
Opinion No. 2005 DNH 021


## MEMORANDUM AND ORDER

This case arises from Steven Aubertin's prepayment of a note that at all relevant times was owned by U.S. Bank.  The note included an addendum that required Aubertin to pay a penalty if he prepaid the note.  The addendum also provided that "no prepayment penalty will be assessed . . . if the prepayment is concurrent with the sale of the property securing the note."

Aubertin contracted to sell the property that served as security for the note in the spring of 2004.  Shortly thereafter, he requested a payoff statement from Fairbanks Capital Corporation, the entity that U.S. Bank had retained to service the loan.  The payoff statement included a prepayment penalty of

$4,153.26.  When Aubertin's counsel later contacted Fairbanks to complain, he was told that Aubertin could recover the penalty after the note was paid off if he could prove that he had prepaid the loan in connection with the sale of the secured property. Aubertin paid the penalty under protest.

Aubertin subsequently filed a three-count complaint against Fairbanks and U.S. Bank.  Count I claims that defendants violated the Cranston-Gonzales Act, 12 U.S.C. § 2605.  Count II charges defendants with breach of contract.  Count III claims that defendants violated New Hampshire's Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A.  Defendants have moved to dismiss Counts II and III for failure to state a claim.

## I.  BREACH OF CONTRACT CLAIM

Defendants invoke the "voluntary payment doctrine" in arguing that Aubertin's breach of contract claim must be dismissed.  Under this doctrine, a plaintiff may not recover money that he voluntarily paid in response to an illegal demand "unless he can show fraud, coercion, or mistake of fact." Randazzo v. Harris Bank Palatine, N.A., 262 F.3d 663, 666 (7th Cir. 2001).

The New Hampshire Supreme Court has determined that the "voluntary payment doctrine" does not bar a breach of contract claim if: (1) the plaintiff was coerced into making the challenged payment; (2) the defendant created the coercive circumstances; (3) the defendant's coercive acts were improper; and (4) the plaintiff had no way to avoid the threatened injury other than to make the payment. See Cheshire Oil Co. v. Springfield Realty Corp., 118 N.H. 232, 236-38 (1978). Aubertin relies on this exception in opposing defendants' motion to dismiss.

The complaint asserts that Aubertin paid the prepayment penalty under protest because defendants would not otherwise supply the discharge that he needed to complete the sale of his residence. It further alleges that defendants acted unlawfully in demanding that Aubertin pay the penalty. These allegations are sufficient to support a claim that Aubertin was acting under duress. Under such circumstances, the "voluntary payment doctrine" would not apply. I thus decline to dismiss Aubertin's contract claim.

## II.  CONSUMER PROTECTION ACT CLAIM

The Consumer Protection Act does not cover "trade or commerce that is subject to the jurisdiction of the bank commissioner . . . or federal banking or securities regulators who possess the authority to regulate unfair or deceptive trade practices."  N.H. Rev. Stat. Ann. § 358-A:3.  Defendants invoke this exception in arguing that Aubertin's Consumer Protection Act claim should be dismissed.  I address this argument as it applies to each defendant, in turn.

### A.  Fairbanks

Aubertin has sued Fairbanks in its capacity as a mortgage loan servicing company.  When it acts in this capacity, Fairbanks is subject to the jurisdiction of the New Hampshire Bank Commissioner pursuant to N.H. Rev. Stat. Ann. § 397-B ("Chapter 397-B").  Chapter 397-B requires companies that engage in the business of servicing first mortgage loans secured by real property located in the state to register with the Commissioner.  See N.H. Rev. Stat. Ann. § 397-B:4.  The chapter also obligates registered companies to abide by all applicable state and federal laws, including the Consumer Protection Act.  See N.H. Rev. Stat.

Ann. § 397-B:2. Any company that fails to abide by state and federal law faces the prospect of administrative fines, N.H. Rev. Stat. Ann. § 397-B:6, and the revocation of its registration, N.H. Rev. Stat. Ann. § 397-B:3.

Chapter 397-B is a comprehensive regulatory scheme that empowers the Commissioner to protect consumers from the same types of fraudulent, unfair and deceptive practices that are targeted by the Consumer Protection Act. Therefore, Fairbanks is correct in claiming that the transactions on which Aubertin's claim against it are based are exempt from coverage under the Consumer Protection Act.

**B. U.S. Bank**

U.S. Bank is a national bank that is subject to the jurisdiction of the Office of the Comptroller of the Currency ("OCC"). See 12 U.S.C. § 1 et seq. The OCC's power to regulate national banks is comprehensive. See Sinclair v. Hawke, 314 F.3d 934, 940-41 (8th Cir. 2003). Moreover, as the OCC explained in a recent advisory letter:

> Unfair and deceptive acts or practices are unlawful under federal and state law. Section 5 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45 (a)(1), prohibits "unfair or deceptive acts or practices in or

-5-

> affecting commerce." Under Section 8 of the Federal Deposit Insurance Act, 12 U.S.C. § 1818, the OCC may take appropriate enforcement action against national banks and their subsidiaries for violations of <u>any</u> law or regulation, which necessarily includes Section 5 of the FTC Act.

OCC Advisory Letter 2002-3 at 3 (March 22, 2002). Thus, the OCC plainly has the authority to protect consumers from the same kinds of fraudulent, deceptive, and unfair practices that are targeted by the Consumer Protection Act. Accordingly, because Aubertin's claim against U.S. Bank is based on conduct that is subject to the jurisdiction of a federal banking regulator, it is exempt from suit for a violation of the Consumer Protection Act.

## III. <u>CONCLUSION</u>

For the reasons set forth in this Memorandum and Order, I deny defendants' motion to dismiss Count II and grant their motion to dismiss Count III.

SO ORDERED.

    ___/s/Paul Barbadoro_____
    Paul Barbadoro
    United States District Judge

February 11, 2005

-6-

cc:  Cathleen Combs, Esq.
     Michael DiCola, Esq.
     Douglas Doskocil, Esq.
     Laurence Getman, Esq.
     Thomas Hefferon, Esq.
     Andrew R. Louis, Esq.
     Andrew R. Schulman, Esq.
     Joseph Yenouskas, Esq.