Cheshire
No. 6461.

STATE OF NEW HAMPSHIRE

v.

HARRY F. STONE

January 31, 1973

*Warren B. Rudman,* attorney general, and *W. Michael Dunn,* assistant attorney general, for the state.

*Mr. Joseph T. Cristiano* for the defendant, filed no brief.

PER CURIAM. The defendant is appealing from the trial court's denial of his motion to withdraw his plea of guilty to grand larceny for the theft of an automobile (RSA 582:3 (Supp. 1972)) on November 18, 1971, and to reenter his original plea of not guilty.

The case was reserved and transferred by *Grant, J.*

The defendant's reason for his appeal is that the trial court did not follow the county attorney's recommendation that the sentence be "for not less than two years nor more than four years, that he be given credit for the time he has been incarcerated in connection with our present charge . . . and . . . that in . . . addition the sentence that he is to serve at the state prison be made concurrent with any parole violation that . . . is presently, or is about to be brought against him by the New Hampshire Parole Department."

The court did allow Stone forty-three days' credit as recommended by the county attorney, but ordered that the prison sentence was "to commence upon conclusion of sentence for parole violation."

The sole issue before us is whether, before pleading guilty, the defendant understood that the trial court was not bound to follow the county attorney's recommendation. *See State v. Manoly,* 110 N.H. 434, 437, 270 A.2d 611, 613 (1970).

The resolution of this question depends upon the facts. Among others, a circumstance not to be ignored is that Stone is a veteran of many years' experience in our criminal courts. He has been convicted or pleaded guilty and has been sentenced on numerous occasions for a wide variety of crimes. He has also been repeatedly paroled and, upon breaking his parole, resentenced as a parole violator. RSA 607:47, 48 (Supp. 1972). In the negotiations leading up to his guilty plea, he was represented by capable counsel. Before changing his plea from not guilty to guilty, the defendant signed an "Acknowledgement of Rights" statement, the salient portions of which are as follows:

> "I, Harry F. Stone, of Woonsocket, R.I., my attorney being Joseph T. Cristiano, do hereby state
>
> The statements made below shall apply to each and every indictment, if there be more than one, to which I intend to plead GUILTY.

I have discussed this present plea of GUILTY to the charge in the indictment with my attorney.

I know the full meaning of this indictment of which I stand accused.

. . . .

I understand that I am under no obligation to plead GUILTY and that I am entitled to a trial by jury.

I understand that by pleading GUILTY to the indictment I am waiving a trial by jury and the right to confront my accusers.

No force has been used upon me, nor have any threats been made to me, by any member of the Prosecutor's Office or anyone else in an effort to have me enter this plea of GUILTY to the indictment.

No promises have been made to me by any member of the Prosecutor's Office or anyone else in an effort to have me enter this plea of GUILTY to the indictment, except as to what may be the Prosecutor's recommendation as to sentence. However, I understand that the Court is not bound by the Prosecutor's recommendation as to sentence.

I understand as a consequence of my plea of GUILTY that the Court may impose such sentence as in his discretion he considers appropriate, subject, however, to those limits prescribed by law.

My attorney, with whose services I am satisfied, has advised me of the penalties that the Court can impose for the crime to which I have pleaded guilty."

In connection with this, the record discloses that the defendant's lawyer "went over that Acknowledgement of Rights verbatim with Mr. Stone," and that the time the defendant might have to serve because of his parole violation was discussed. RSA 607:47, 48 (Supp. 1972).

It is also undisputed that the county attorney faithfully executed his agreement with the defendant's lawyer to recommend a two to four-year sentence to run concurrently with any sentence imposed for parole violation.

In the light of these facts, the situation before us is clearly distinguishable from that in *State v. Manoly,* 110 N.H. 434, 270 A.2d 611 (1970), where the defendant was not informed that the court was not bound to follow the county attorney's recommendation.

In short, Stone, fully understanding his rights and the possible consequences of his act, voluntarily chose to plead guilty. Now, because, as his counsel stated, "[H]e is not satisfied" with the court's sentence, he wishes to withdraw his plea of guilty, reenter a plea of not guilty, and have his case tried by a jury. His motion to withdraw his plea of guilty was properly denied. ABA Standards Relating to Pleas of Guilty § 2.1 (b) (Approved Draft 1968).

*Exception overruled.*