Hillsborough
No. 6205

STATE OF NEW HAMPSHIRE v. FRANCIS D. GAGNON

May 31, 1973

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general, by brief, for the State.

*John H. McEachern* by brief for the defendant.

PER CURIAM. On May 3, 1966, the defendant waived indictment and pleaded guilty to a complaint charging him with robbery committed on January 14, 1966, at Manchester. RSA 585:18. The plea was entered at the close of the state's evidence in a jury trial in May 1966, in which the defendant was represented by assigned counsel. The county attorney recommended a sentence of not more than twenty nor less than ten years in State prison, to be served after termination of a previous sentence under which the defendant was then on parole. The Trial Court (*Dunfey,* J.) imposed a sentence of not more than twenty and not less than ten years, "to run concurrently with the serving of the unexpired portion of previous sentencing . . . ."

On July 13, 1967, the defendant filed a motion for leave to withdraw his plea of guilty, alleging that it was not voluntary, but induced by an "implied threat of a severe sentence if he chooses to proceed with his trial . . . ." New counsel was assigned, and after an evidentiary hearing (*cf. Fontaine v. United States,* 411 U.S. 213, 36 L. Ed. 2d 169, 93 S. Ct. 1461 (1973)), the motion was denied on August 7, 1967. At a later date the defendant was furnished with transcripts of all hearings, and a third attorney was assigned, who reviewed

the record and sought leave to withdraw "upon the ground that any appeal would be frivolous." This motion was denied, and the case was transferred to this court by *Dunfey*, J.

A review of the record in the case discloses no error. At the hearing on the motion to withdraw the plea of guilty, the defendant's testimony made it evident that the plea was voluntarily entered, with full understanding of the charge and of the evidence against him, as well as of the nature of the penalty provided for the offense charged. *Oaks v. Wainwright,* 445 F.2d 1062, 1063 (5th Cir. 1971); *Nobles v. Beto,* 439 F.2d 1001, 1002 (5th Cir. 1971).

That the defendant "would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." *North Carolina v. Alford,* 400 U.S. 25, 31, 27 L. Ed. 2d 162, 168, 91 S. Ct. 160, 164 (1970). *See also Brady v. United States,* 397 U.S. 742, 750-51, 25 L. Ed. 2d 747, 757-58, 90 S. Ct. 1463, 1469-70 (1970); *Chaffin v. Stynchcombe,* 41 U.S.L.W. 4662, 4666 (May 21, 1973). This is not a case where the recommendation of the prosecution violated promises made in the course of plea bargaining. *Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971).

The implied finding by the same justice who accepted the defendant's plea that it was in fact a product of a free and rational choice was justified by defendant's testimony. That he later became dissatisfied with the sentence imposed does not entitle him to withdraw his plea. *State v. Stone,* 113 N.H. 36, 300 A.2d 331 (1973). The motion was properly denied.

*Remanded.*