Hillsborough
No. 6811

STATE OF NEW HAMPSHIRE

v.

GEORGE S. FARRIS, JR.

May 31, 1974

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Edward A. Jordan,* by brief and orally, for the defendant.

DUNCAN, J. After indictment by the Hillsborough County grand jury, the defendant pleaded guilty to a charge that he committed burglary on August 13, 1972, in Hudson. RSA 583-A:2 (Supp. 1972), Laws 1967, 190:1 (now superseded by RSA 635:1 (Supp. 1973)). As a result of plea negotiations with defendant's appointed counsel, the county attorney recommended that the defendant be sentenced to six months in the Hillsborough County House of Correction. Declining to accept this recommendation, the Court, *Perkins,* J., sentenced him to two to four years in the State prison. Thereupon the defendant moved

that he be permitted to withdraw his guilty plea. This motion and a motion to reconsider the sentence were denied after hearing on March 9, 1973, by *Perkins, J.,* who reserved and transferred the defendant's exceptions. The interrelated issues presented in this court are (1) whether the defendant should have been permitted to withdraw his guilty plea and (2) whether under the circumstances the sentence imposed was an abuse of discretion by the trial court.

Defendant Farris and his sister, Dorothy Sprague, voluntarily confessed to the Pelham police to the burglary in question. The record indicates a high degree of cooperation with the authorities.

After showing police the location of the stolen goods Farris and Sprague were told to return to Hudson in three days to be arrested and arraigned. They similarly confessed to another burglary in July 1972 in Londonderry in Rockingham County.

On his initial appearance before the Hillsborough County Superior Court without counsel, the defendant attempted to plead guilty to the indictment. At the request of the court, his present counsel undertook to represent him and following a two-week continuance Farris again appeared before the court on February 28, 1973, pleaded guilty, and was sentenced.

We do not hold that the sentence was an abuse of the court's discretion. *State v. Streeter,* 113 N.H. 402, 308 A.2d 535 (1973). The defendant had once before pleaded guilty to a burglary charge and was on probation when the second offense was committed. The statute in effect at the time of sentencing provided for sentences for burglary of a fine or imprisonment of not less than one nor more than five years, or both. Laws 1967, 190:1; *see State v. Banks,* 108 N.H. 350, 236 A.2d 110 (1967).

The question whether Farris should have been allowed to withdraw his guilty plea presents more difficulty. In *State v. Manoly,* 110 N.H. 434, 270 A.2d 611 (1970), we held that "[a] guilty plea [resulting from negotiations] cannot be considered intelligent and voluntary if it is entered by a defendant who personally does not fully

understand the consequences of the plea, including the risk that the court may not follow the recommendation which induced his plea. It is important therefore that the trial judge either (1) make it plain to the defendant personally on the record, before accepting a guilty plea, that while he will give consideration to the recommendation of the prosecutor he is not bound by it, and that the defendant will have to take his chances as to what sentence will be imposed or (2) failing this if the court is not going to follow the recommendation he should so inform the defendant before sentence and give him the opportunity to withdraw his plea." *Id.* at 437, 270 A.2d at 613.

In the present case, prior to announcing sentence, the court addressed the defendant as follows: "I want you ... to understand that I am going to call for a recommendation as to imposition of sentence, suggested sentence by the County Attorney's Office here in Hillsborough County. Now I want you to know that I may accept it; I may impose a greater sentence; or I may impose a lesser sentence than recommended. And I am saying this in addition to the acknowledgment of rights which you signed and which you understand, that the sole authority as to imposition of sentence rests with the Court. In other words, I want to be sure that you ... are willing to take your chances as to what sentence may be imposed...." The defendant then acknowledged that he understood.

The defendant concedes that this statement and acknowledgement satisfied the quoted requirements of *Manoly* and that this case is thus not governed by *State v. Stone*, 113 N.H. 36, 300 A.2d 331 (1973), where the sole issue was "whether, before pleading guilty the defendant understood that the trial court was not bound to follow the [prosecutor's] recommendation." *Id.* at 37, 300 A.2d at 332. The defendant's basic argument is that in light of recent developments in the law we should modify the rule of *Manoly* to require the trial judge who declines to accept the prosecutor's recommendation to "inform the defendant before sentence and give him the opportunity to withdraw his plea" in *all* cases.

This argument finds support in the recent ABA Standards Relating to the Function of the Trial Judge § 4.1

(c) (iii) (Approved Draft 1972), and the commentary relating thereto. *See also United States ex rel. Culbreath v. Rundle,* 466 F.2d 730 (3d Cir. 1972); *United States v. Resnick,* 483 F.2d 354, 358 (5th Cir. 1973); Illinois Supreme Court Rule 402 (d) (2) (1970). While trial judges may think it prudent to follow the more recent standard, we do not find it necessary for purposes of this case to adopt it as a mandatory rule.

In the case before us the trial court made it plain that the court would not be bound by the recommendation of the prosecution, and thus complied with the first of the two alternative courses to be followed under the rule stated in *Manoly.* However the record fails to show affirmatively that the defendant fully understood the consequences of his plea in terms of the maximum sentence which might be imposed, a requirement which *Manoly* likewise mandated. *See* ABA Standards Relating to Pleas of Guilty § 2.1 (ii) (3) (Approved Draft 1968); ABA Standards Relating to the Function of the Trial Judge § 4.2 (a) (iv) (Approved Draft 1972); Recommendation of Task Force on Courts of National Commission on Criminal Justice Standards and Goals, Standard 307.6, 14 Cr. L. 3001, 3005 (1973).

Also relevant is the circumstance that the prosecution's plea-bargained recommendation of a sentence of six-months imprisonment could not be adopted by the court in the face of the statutory requirement of a minimum sentence of imprisonment for one year, unless suspension of six months of the minimum term was intended to be included. *See* Laws 1967, 190:1 (RSA 583-A:3 II (Supp. 1972)).

Since this defendant's plea of guilty is not shown by the record to have been "intelligent and voluntary" *(State v. Manoly,* 110 N.H. 434, 437, 270 A.2d 611, 613 (1970)), we conclude that justice requires that he be granted leave to withdraw his guilty plea and stand trial.

*Exceptions sustained; remanded.*

All concurred.