Hillsborough
No. 6728
No. 6729
No. 6730
No. 6731

STATE OF NEW HAMPSHIRE v. JOSEPH A. GOODRICH

STATE OF NEW HAMPSHIRE v. STEPHEN E. LAMONTAGNE

STATE OF NEW HAMPSHIRE v. DAVID J. LAMONTAGNE

STATE OF NEW HAMPSHIRE v. RICHARD G. OGILVIE

August 31, 1976

*Warren B. Rudman,* attorney general, and *Peter W. Heed,* attorney, by brief, for the State.

*Theodore C. Garabedian* (of Massachusetts), by brief, for the defendants.

PER CURIAM. The defendants seek to withdraw their pleas of guilty, because the Trial Judge *(Perkins,* J.) imposed sentences more severe than the county attorney, in fulfillment of a plea bargain, recommended. The defendants were arrested in the course of committing a burglary. They agreed to plead guilty to. that charge in return for certain sentence recommendations by the

county attorney. Prior to taking their pleas, the trial court addressed the defendants and determined that they understood that he was not bound to follow the county attorney's recommendations. The trial court accepted the defendants' pleas. The county attorney pursuant to the agreement recommended that all four cases be continued for sentence and that two defendants be placed on probation for two years. The court declined to follow these recommendations. Rather the court sentenced all four defendants to twelve months in the house of correction and three years probation. In two cases the court suspended three months of the sentence; in the other two cases, six months. The defendants then moved to withdraw their pleas or in the alternative for reconsideration of their sentences. After a hearing the trial court denied the motions to withdraw pleas, affirmed the sentences previously imposed, and reserved and transferred the defendants' exceptions. Sentence was imposed in February 1973; the defendants were released on bail pending their appeal.

The trial court's refusal to allow withdrawal of the pleas was proper under the then existing authorities. *State v. Manoly*, 110 N.H. 434, 437, 270 A.2d 611, 613 (1970); *State v. Stone*, 113 N.H. 36, 300 A.2d 331 (1973). A year later this court decided *State v. Farris*, in which the defendant argued that he was entitled to withdraw his guilty plea when the court declined to follow the prosecutor's sentencing recommendation given pursuant to a plea agreement. 114 N.H. 355, 320 A.2d 642 (1974). *Farris* states: "This argument finds support in the recent ABA Standards Relating to the Function of the Trial Judge § 4.1 (c) (iii) (Approved Draft 1972), and the commentary relating thereto. *See also United States ex rel. Culbreath v. Rundle*, 466 F.2d 730 (3d Cir. 1972); *United States v. Resnick*, 483 F.2d 354, 358 (5th Cir. 1973); Illinois Supreme Court Rule 402 (d) (2) (1970). While trial judges may think it prudent to follow the more recent standard, we do not find it necessary for purposes of this case to adopt it as a mandatory rule." 114 N.H. at 357-58, 320 A.2d at 644. It was unnecessary to decide this issue in *Farris* because the defendant's motion to withdraw his plea was allowed on other grounds.

The rule laid down in the ABA Standards cited above was followed in the ALI Model Code of Pre-Arraignment Procedure §§ 350.5 (4) and 350.6 (1975) and in Federal Rule of Criminal Procedure 11 (e) (4). This rule is an extension of the familiar principle "that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of

the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262 (1971). The defendant may reasonably infer from the court's past practice that the court will follow the prosecutor's recommendation. D. Newman, Conviction: The Determination of Guilt or Innocence Without Trial 48 (1966). The prosecutor will frequently encourage this expectation in order to strike a bargain. The court may state and the defendant may understand that the court is not legally bound to accept the recommendation. But the court's warning of what it can do does not inevitably affect the defendant's expectation of what it will do. It would be unfair to hold the defendants to their pleas when their reasonable expectations, which were induced by the prosecutor and by past practice and which led to their pleas, have proven false. *State v. Thomas,* 61 N.J. 314, 321-22, 294 A.2d 57, 61 (1972); *Commonwealth v. Zuber,* 353 A.2d 441, 443 (Pa. 1976); *United States v. Hammerman,* 528 F.2d 326 (4th Cir. 1975). To the extent that they are inconsistent with this decision, *State v. Manoly supra* and *State v. Stone supra* are overruled. Justice requires that the defendants be granted leave to withdraw their guilty pleas and stand trial.

*Defendants' exceptions sustained; remanded.*