Rockingham
No. 7736

STATE OF NEW HAMPSHIRE

v.

JOHN A. SHEA

December 16, 1977

*David H. Souter,* attorney general, and *Robert V. Johnson* II, assistant attorney general (*Mr. Johnson* orally), for the state.

*William G. Scott,* of Portsmouth, for the defendant.

LOUGHLIN, J. (By special assignment pursuant to RSA 490:3) On May 24, 1976, the defendant, represented by two attorneys who withdrew immediately prior to this appeal, entered a plea of guilty to a class A felony of aggravated felonious sexual assault. In accordance with a plea bargain agreement, the county attorney recommended a sentence of not more than fifteen years nor less than four years and that the sentence be served concurrently with any sentence or parole which the defendant was then serving.

The Trial Court (*Perkins,* J.) imposed the sentence recommended, but to run consecutively not concurrently with any sentence or parole which the defendant was then serving. Upon appli-

cation to the sentence review division on November 12, 1976, its order was: "The Sentence is to remain as is; reference is made to *State v. Goodrich et al., 116 N.H. 477* and RSA 651:20." On December 28, 1976, the Trial Court *(Perkins, J.)* denied defendant's motion to reconsider the sentence and transferred defendant's exception.

The issue is the retroactivity of *State v. Goodrich supra,* which would allow the defendant to retract his plea.

"The past cannot always be erased by a new judicial declaration." *Chicot County Dist. v. Bank,* 308 U.S. 371, 374 (1940). In *Linkletter v. Walker,* 381 U.S. 618 (1965), it was held that exclusion of evidence seized in violation of the search and seizure provisions of the fourth amendment does not operate retrospectively upon cases decided in the period prior to *Mapp v. Ohio,* 367 U.S. 643 (1960).

*Stovall v. Denno,* 388 U.S. 293 (1967) at 297, sets forth the criteria guiding resolution of the question of retroactivity: (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards. *See also Tehan v. Shott,* 382 U.S. 406 (1966).

*State v. Goodrich* was a departure from previously announced rules upon which trial courts have justifiably relied. We hold that *State v. Goodrich* does not apply to pleas of guilty entered prior to August 31, 1976. *See Halliday v. United States,* 394 U.S. 831 (1969).

Nothing in this opinion is intended to prevent the defendant from reapplying for a reconsideration of his sentence in accordance with RSA 651:20.

*Exception overruled.*

LAMPRON, J., did not sit; the others concurred.