PEOPLE v TEED

Docket No. 93350. Submitted February 3, 1987, at Lansing. Decided July 31, 1987.

Todd J. Teed pled guilty to breaking and entering an unoccupied dwelling in exchange for the prosecutor's agreement to recommend a sentence of one year or less in the county jail, Shiawassee Circuit Court, Gerald D. Lostracco, J. At sentencing, the court informed the defendant that he would not follow the prosecutor's recommendation, asked the defendant whether he wished to withdraw his plea and, after defendant declined to withdraw his plea, sentenced defendant to five to ten years in prison. Defendant appealed.

The Court of Appeals *held:*

A sentencing court, if it chooses to reject a prosecutor's sentence recommendation for a defendant who pleads guilty in return for a specific sentence, must, in allowing the defendant an opportunity to withdraw his plea, explain to the defendant that the recommendation was not accepted and state the sentence it finds to be the appropriate disposition. In this case, the trial court's failure to specify defendant's sentence prior to defendant's affirmance of his plea rendered the plea deficient. On remand, defendant may withdraw his plea.

Reversed and remanded.

CRIMINAL LAW — PLEA BARGAINS — GUILTY PLEAS — SENTENCE RECOMMENDATIONS.

A sentencing court, if it chooses to reject a prosecutor's sentence

REFERENCES

Am Jur 2d, Criminal Law §§ 472, 473, 476, 486-491.

Supreme Court's views as to plea bargaining and its effects. 50 L Ed 2d 876.

What constitutes "rejection" of plea agreement under Rule 11(e)(4) of the Federal Rules of Criminal Procedure, allowing withdrawal of plea if court rejects agreement. 60 ALR Fed 621.

Comment Note.—Right to withdraw guilty plea in state criminal proceedings where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

recommendation for a defendant who pleads guilty in return for a specific sentence, must, in allowing the defendant an opportunity to withdraw his plea, explain to the defendant that the recommendation was not accepted and state the sentence it finds to be the appropriate disposition.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David E. McClernan,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for defendant on appeal.

Before: BEASLEY, P.J., and CYNAR and R. C. ANDERSON,* JJ.

PER CURIAM. Defendant pled guilty to breaking and entering an unoccupied building, MCL 750.110; MSA 28.305, in exchange for the prosecutor's agreement to recommend a sentence of one year or less to be served in the county jail. At the sentencing hearing, the judge informed defendant that the recommendation would not be followed. Defendant declined to withdraw the guilty plea. Defendant was then sentenced to a prison term of five to ten years. Defendant appeals as of right. We reverse.

In *People v Killebrew,* 416 Mich 189, 209-210; 330 NW2d 834 (1982), the Court held that the sentencing court's rejection of the prosecutor's nonbinding sentence recommendation (pursuant to the sentence bargain) requires that the defendant be afforded the opportunity to withdraw his plea. In so holding, the Court required adherence to the following procedure: "[T]he trial judge must explain to the defendant that the recommendation was not accepted by the court, and *state the*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*sentence that the court finds to be the appropriate disposition." Id.,* 209. (Emphasis added).

In the instant case, the court's failure to specify defendant's sentence prior to defendant's affirmance of his plea renders the plea deficient.

Reversed and remanded for proceedings consistent with this opinion. Defendant may withdraw his plea.