**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 1, 2001**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                 No. 116535

AVANA WILLIAMS,

    Defendant-Appellant.

_____

PER CURIAM

This case concerns the procedure to be followed in guilty plea proceedings when the court determines that it cannot impose the sentence that was contemplated by a preliminary understanding under *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993). The defendant contends that, in those circumstances, when the court offers the defendant the opportunity to withdraw the plea, it must indicate the sentence that will be imposed if defendant elects to allow the plea to stand. We hold that there is no such requirement and affirm the circuit court's judgment.

I

Defendant Williams was charged with first-degree retail fraud.[1]  On October 16, 1998, she appeared and, after a conference between counsel and the court, indicated that she wished to plead guilty to that charge as a fourth felony offender[2] with an understanding under *People v Cobbs* that the sentence would be no more than nine months.  The court said, "I will agree to that."  The defendant then offered a factual basis for the plea and admitted three previous felony convictions.

Defendant appeared for sentencing on November 6, 1998. After a conference between counsel and the court, the following exchange occurred:

> *The Court*:  You understand you have a right to withdraw your guilty plea, Ms. Williams?
>
> *Ms. Williams*:  Yes.
>
> *The Court*:  And you wish to go forward with sentencing nonetheless?
>
> *Ms. Williams*:  Yes.
>
> *The Court*:  And you understand I'm not going to abide by the *Cobb* agreement?
>
> *Ms. Williams*:  Yes.

The court then imposed a 1½-to-15-year sentence.

---

[1] MCL 750.356c; MSA 28.588(3).

[2] MCL 769.12; MSA 28.1084.

2

Appellate counsel was appointed for the defendant and moved for resentencing, arguing that because the court did not tell the defendant the intended sentence, her affirmance of her guilty plea was involuntary. The circuit court disagreed and denied the motion. The Court of Appeals denied the defendant's application for leave to appeal. The defendant has now filed an application for leave to appeal to this Court.

## II

In *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982), we approved a procedure by which a trial court could have limited participation in the plea bargaining process. As we explained the approved procedure:

> [W]e now hold that if the plea agreement offered to the court by the prosecutor and defendant includes a non-binding prosecutorial recommendation of a specific sentence, the judge may accept the guilty plea (after consideration of the presentence report), yet refuse to be bound by the recommended sentence. The judge retains his freedom to choose a different sentence. However, the trial judge must explain to the defendant that the recommendation was not accepted by the court, and state the sentence that the court finds to be the appropriate disposition. The court must then give the defendant the opportunity to affirm or withdraw his guilty plea.
>
> Through this procedure, the defendant will be fully aware of all the consequences of his guilty plea. He will thus be able to make a knowing and intelligent waiver of his right to trial and its companion rights. Additionally, the judge will have full exercise of his sentencing discretion. [416 Mich 209-210.]

3

In *People v Cobbs, supra*, we modified *Killebrew* to allow somewhat greater participation by the judge. Under *Cobbs*, at the request of a party the judge "may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." 443 Mich 283 (emphasis in original). We made clear, however, that this preliminary evaluation does not bind the judge's sentencing discretion.

III

A

The defendant makes two claims. First, she asserts that a guilty plea is not constitutionally valid unless entered in a voluntary, knowing, and intelligent manner. She maintains that without knowing the sentence that the trial court will impose, her ratification of the earlier plea was not a knowing and intelligent one, since it is made without knowledge of the sentence to be imposed.

This claim is easily disposed of. Someone in the position of defendant Williams, faced with the choice between withdrawing the plea and permitting it to stand without the limitations of the earlier *Cobbs* agreement, is in the same posture as a defendant who initially pleads guilty with no sentence understanding whatsoever. No one would suggest that such pleas are invalid because the defendant does not know what the actual sentence will be.

4

The defendant's other argument is that the language quoted from *Killebrew* remains effective after *Cobbs*.[3] Recall that *Killebrew* said that in announcing the decision not to follow the previously recommended sentence:

> [T]he trial judge must explain to the defendant that the recommendation was not accepted by the court, and state the sentence that the court finds to be the appropriate disposition. [416 Mich 209.]

Defendant reasons that *Cobbs* did not overrule *Killebrew*, but merely modified it to allow trial judges to participate in the plea negotiation process on a limited basis.

We reject the defendant's suggestion that the actual sentence to be imposed must be announced when the sentencing court informs the defendant that the *Cobbs* limits will not be observed. As our decisions in both *Killebrew* and *Cobbs* recognized, questions concerning the involvement of a trial court in plea and sentence negotiations are delicate ones that attempt to minimize the potential coercive effect of the judge's participation, to retain the function of the judge as a neutral arbitrator, and to preserve public perception of the

---

[3] Defendant cites a series of Court of Appeals decisions before *Cobbs* enforcing that requirement. *People v McGuire*, 165 Mich App 198; 418 NW2d 427 (1987); *People v Teed*, 164 Mich App 540; 417 NW2d 495 (1987); *People v Scott*, 197 Mich App 28; 494 NW2d 765 (1992).

judge as impartial. *Killebrew*, 416 Mich 201-205; *Cobbs*, 443 Mich 284-285.

In cases involving sentence recommendations under *Killebrew*, the neutrality of the judge is maintained because the recommendation is entirely the product of an agreement between the prosecutor and the defendant. The judge's announcement that the recommendation will not be followed, and of the specific sentence that will be imposed if the defendant chooses to let the plea stand, is the first involvement of the court, and does not constitute bargaining with the defendant, since the judge makes that announcement and determination of the sentence on the judge's own initiative after reviewing the presentence report.

By contrast, the degree of the judge's participation in a *Cobbs* plea is considerably greater, with the judge having made the initial assessment at the request of one of the parties, and with the defendant having made the decision to offer the plea in light of that assessment. In those circumstances, when the judge makes the determination that the sentence will not be in accord with the earlier assessment, to have the judge then specify a new sentence, which the defendant may accept or not, goes too far in involving the judge in the bargaining process. Instead, when the judge determines that sentencing cannot be in accord with the previous assessment, that puts the previous understanding to

6

an end, and the defendant must choose to allow the plea to stand or not without benefit of any agreement regarding the sentence.

Thus, we hold that in informing a defendant that the sentence will not be in accordance with the *Cobbs* agreement, the trial judge is not to specify the actual sentence that would be imposed if the plea is allowed to stand. Accordingly, the circuit court did not err in refusing to set aside the defendant's plea, and the judgment of the circuit court is affirmed.

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                             No. 116535

AVANA WILLIAMS,

    Defendant-Appellant.

_____

KELLY, J. (*dissenting*).

I dissent from the majority opinion because it disregards settled precedent without a sound basis. In reaching its holding, the majority misconstrues and distorts *People v Killebrew*,[1] a well-reasoned decision that, for almost two decades, has mandated a result contrary to the one reached in this case. Because I regard full disclosure from the bench in a *Cobbs*[2] setting an essential element of a knowing and

---

[1] 416 Mich 189; 330 NW2d 834 (1982).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

voluntary plea proceeding,[3] I cannot join the majority's shrinking of an accused's constitutional right to a fair trial.

Today's decision considerably weakens the effect of *Killebrew* on a defendant who makes a plea in reliance on a *Cobbs* agreement. Although the majority opinion avoids language expressly overruling *Killebrew*, it achieves the same result by making an illogical distinction between *Killebrew* and *Cobbs* pleas.

The majority holds that a defendant who has made a *Cobbs* agreement is not entitled to know his sentence before determining whether to withdraw his guilty plea. In *Killebrew*, this Court on constitutional grounds expressly rejected placing a defendant at that disadvantage.

In *Killebrew*, the defendant[4] and the prosecutor entered into a plea agreement. A dispute arose when it became apparent that the judge would not sentence the defendant to the agreed-upon term of imprisonment. We acknowledged that the judge retained discretion to sentence the defendant to any

---

[3] Forty years ago, we recognized that waiver of a trial cannot be knowing or voluntary when induced by reliance on agreed-to concessions by which one party no longer is bound. *In re Valle*, 364 Mich 471, 476; 110 NW2d 673 (1961).

[4] The individual referenced here is actually Jerome Briggs, the defendant in *People v Briggs*, a companion case to *Killebrew.*

lawful term. However, because the judge intended to increase the sentence earlier articulated, we held that constitutional principles required the judge to reveal the term of the final sentence to be pronounced. Then, the judge had to give the defendant the opportunity to withdraw or reaffirm the agreement to plead guilty.

We explained the rationale underlying this rule:

> Technically, the defendant has not been promised a specific sentence. He may nonetheless tender his guilty plea, waiving his valuable right to trial.

> Although the prosecutorial "recommendation" would seem to inform the defendant of the consequences of his plea—that the prosecutor is merely suggesting a sentence and that the judge is not bound to follow the recommendation—the truth is that most defendants rely on the prosecutor's ability to secure the sentence when offering a guilty plea. This is true even when the court specifically admonishes the defendant that it is not bound by the prosecutor's recommendation. All disclaimers that the court is not bound are often viewed as ceremonial incantations. [*Killebrew, supra* at 208, citing *State v Goodrich*, 116 NH 477, 479; 363 A2d 425 (1976); Alschuler, *The trial judge's role in plea bargaining, part I*, 76 Colum L R 1059, 1069 (1976).]

When we decided *Cobbs*, a decade after *Killebrew*, we acknowledged that its effect was to add to the procedural landscape that *Killebrew* had established. It neither displaced it nor created a new landscape with a separate set of procedures. In *Cobbs*, we observed:

> *In addition to* the procedures approved in

3

> *Killebrew*, . . . we today recognize *an additional manner* in which a judge may participate in sentence discussions. At the request of a party, and not on the judge's own initiative, a judge may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense. [*Cobbs*, *supra* at 283 (emphasis added).]

The majority gives cursory treatment to defendant's first claim that her plea was not knowing and voluntary because it was offered without knowledge of the judge's sentencing plans. The majority disposes of it simply by opining that, once defendant learned of the judge's intention to disregard the *Cobbs* sentence, defendant was returned to her pre-plea position.

However, the matter is not that simple. Rather than contemplating whether to plead guilty, her pre-plea position, defendant was confronted with having to decide, under pressure, whether to withdraw her guilty plea. She was no longer able to assess the decision knowing the length of her sentence, as before. Although she could have chosen to withdraw the plea, surely she felt increased pressure to let it stand and to take her chances that the increase in her sentence would be less than if she lost at trial.

The majority attempts to distinguish a *Cobbs* plea from a *Killebrew* plea. It opines that a policy concern requires treating *Killebrew* and *Cobbs* defendants differently. The

4

policy is to minimize the potential coercive effects of a judge's participation in sentencing agreements. The majority concludes that the requirement sought by defendant would "[go] too far in involving the judge in the bargaining process" by creating the appearance of direct negotiations between the judge and defendant regarding the actual sentence to be imposed.

The requirement sought by defendant is the same as has existed at least since the *Cobbs* decision in 1993. The record reflects no problems resulting from increased negotiations between judges and criminal defendants since that date. The majority presents no reason to apply different rules to *Killebrew* than to *Cobbs* agreements.[5]

For these reasons, I dissent and would reverse the trial court's judgment, remanding for appropriate proceedings.

CAVANAGH, J., concurred with KELLY, J.

---

[5] A *Killebrew* plea agreement is made between the prosecutor and the defendant, without the judge's participation. A *Cobbs* plea agreement is made between the prosecutor and the defendant, but it is based, in part, on the judge's pronouncement of a preliminary sentence estimate.

5