Per Curiam.
This case concerns the procedure to be followed in guilty plea proceedings when the court determines that it cannot impose the sentence that was contemplated by a preliminary understanding under People v Cobbs, 443 Mich 276; 505 NW2d 208 (1993). The defendant contends that, in those circumstances, when the court offers the defendant the opportunity to withdraw the plea, it must indicate the sentence that will be imposed if defendant elects to allow the plea to stand. We hold that there is no such requirement and affirm the circuit court’s judgment.
i
Defendant Williams was charged with first-degree retail fraud.[1] On October 16, 1998, she appeared and, after a conference between counsel and the court, indicated that she wished to plead guilty to that charge as a fourth felony offender[2] with an understanding under People v Cobbs that the sentence would be no more than nine months. The court said, *176 “I will agree to that.” The defendaut then offered a factual basis for the plea and admitted three previous felony convictions.
Defendant appeared for sentencing on November 6, 1998. After a conference between counsel and the court, the following exchange occurred:
The Court: You understand you have a right to withdraw your guilty plea, Ms. Williams?
Ms. Williams: Yes.
The Court: And you wish to go forward with sentencing nonetheless?
Ms. Williams: Yes.
The Court: And you understand I’m not going to abide by the Cobb agreement?
Ms. Williams: Yes.
The court then imposed a iy2-to-15-year sentence. Appellate counsel was appointed for the defendant and moved for resentencing, arguing that because the court did not tell the defendant the intended sentence, her affirmance of her guilty plea was involuntary. The circuit court disagreed and denied the motion. The Court of Appeals denied the defendant’s application for leave to appeal. The defendant has now filed an application for leave to appeal to this Court.
n
In People v Killebrew, 416 Mich 189; 330 NW2d 834 (1982), we approved a procedure by which a trial court could have limited participation in the plea bargaining process. As we explained the approved procedure:
*177 [W]e now hold that if the plea agreement offered to the court by the prosecutor and defendant includes a nonbinding prosecutorial recommendation of a specific sentence, the judge may accept the guilty plea (after consideration of the presentence report), yet refuse to be bound by the recommended sentence. The judge retains his freedom to choose a different sentence. However, the trial judge must explain to the defendant that the recommendation was not accepted by the court, and state the sentence that the court finds to be the appropriate disposition. The court must then give the defendant the opportunity to affirm or withdraw his guilty plea.
Through this procedure, the defendant will be fully aware of all the consequences of his guilty plea. He will thus be able to make a knowing and intelligent waiver of his right to trial and its companion rights. Additionally, the judge will have full exercise of his sentencing discretion. [416 Mich 209-210.]
In People v Cobbs, supra, we modified Killebrew to allow somewhat greater participation by the judge. Under Cobbs, at the request of a party the judge “may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.” 443 Mich 283 (emphasis in original). We made clear, however, that this preliminary evaluation does not bind the judge’s sentencing discretion.
hi
A
The defendant makes two claims. First, she asserts that a guilty plea is not constitutionally valid unless entered in a voluntary, knowing, and intelligent manner. She maintains that without knowing the sentence that the trial court will impose, her ratification of the *178 earlier plea was not a knowing and intelligent one, since it is made without knowledge of the sentence to be imposed.
This claim is easily disposed of. Someone in the position of defendant Williams, faced with the choice between withdrawing the plea and permitting it to stand without the limitations of the earlier Cobbs agreement, is in the same posture as a defendant who initially pleads guilty with no sentence understanding whatsoever. No one would suggest that such pleas are invalid because the defendant does not know what the actual sentence will be.
B
The defendant’s other argument is that the language quoted from Killebrew remains effective after Cobbs.[3] Recall that Killebrew said that in announcing the decision not to follow the previously recommended sentence:
[T]he trial judge must explain to the defendant that the recommendation was not accepted by the court, and state the sentence that the court finds to be the appropriate disposition. [416 Mich 209.]
Defendant reasons that Cobbs did not overrule Killebrew, but merely modified it to allow trial judges to participate in the plea negotiation process on a limited basis.
*179 We reject the defendant’s suggestion that the actual sentence to be imposed must be announced when the sentencing court informs the defendant that the Cobbs limits will not be observed. As our decisions in both Killebrew and Cobbs recognized, questions concerning the involvement of a trial court in plea and sentence negotiations are delicate ones that attempt to minimize the potential coercive effect of the judge’s participation, to retain the function of the judge as a neutral arbitrator, and to preserve public perception of the judge as impartial. Killebrew, 416 Mich 201-205; Cobbs, 443 Mich 284-285.
In cases involving sentence recommendations under Killebrew, the neutrality of the judge is maintained because the recommendation is entirely the product of an agreement between the prosecutor and the defendant. The judge’s announcement that the recommendation will not be followed, and of the specific sentence that will be imposed if the defendant chooses to let the plea stand, is the first involvement of the court, and does not constitute bargaining with the defendant, since the judge makes that announcement and determination of the sentence on the judge’s own initiative after reviewing the presentence report.
By contrast, the degree of the judge’s participation in a Cobbs plea is considerably greater, with the judge having made the initial assessment at the request of one of the parties, and with the defendant having made the decision to offer the plea in light of that assessment. In those circumstances, when the judge makes the determination that the sentence will not be in accord with the earlier assessment, to have the judge then specify a new sentence, which the defen *180 dant may accept or not, goes too far in involving the judge in the bargaining process. Instead, when the judge determines that sentencing cannot be in accord with the previous assessment, that puts the previous understanding to an end, and the defendant must choose to allow the plea to stand or not without benefit of any agreement regarding the sentence.
Thus, we hold that in informing a defendant that the sentence will not be in accordance with the Cobbs agreement, the trial judge is not to specify the actual sentence that would be imposed if the plea is allowed to stand. Accordingly, the circuit court did not err in refusing to set aside the defendant’s plea, and the judgment of the circuit court is affirmed.
Corrigan, C.J., and Weaver, Taylor, Young, and Markman, JJ., concurred.

 MCL 750.356c.

 MCL 769.12.

 Defendant cites a series of Court of Appeals decisions before Cobbs enforcing that requirement. People v McGuire, 165 Mich App 198; 418 NW2d 427 (1987); People v Teed, 164 Mich App 540; 417 NW2d 495 (1987); People v Scott, 197 Mich App 28; 494 NW2d 765 (1992).