Kelly, J.
I dissent from the majority opinion because it disregards settled precedent without a sound basis. In reaching its holding, the majority misconstrues and distorts People v Killebrew,[1] a well-reasoned decision that, for almost two decades, has mandated a result contrary to the one reached in this case. Because I regard full disclosure from the bench in a Cobbs[2] setting an essential element of a knowing and voluntary plea proceeding,[3] I cannot join the majority’s shrinking of an accused’s constitutional right to a fair trial.
*181 Today’s decision considerably weakens the effect of Killebrew on a defendant who makes a plea in reliance on a Cobbs agreement. Although the majority opinion avoids language expressly overruling Killebrew, it achieves the same result by making an illogical distinction between Killebrew and Cobbs pleas.
The majority holds that a defendant who has made a Cobbs agreement is not entitled to know his sentence before determining whether to withdraw his guilty plea. In Killebrew, this Court on constitutional grounds expressly rejected placing a defendant at that disadvantage.
In Killebrew, the defendant[4] and the prosecutor entered into a plea agreement. A dispute arose when it became apparent that the judge would not sentence the defendant to the agreed-upon term of imprisonment. We acknowledged that the judge retained discretion to sentence the defendant to any lawful term. However, because the judge intended to increase the sentence earlier articulated, we held that constitutional principles required the judge to reveal the term of the final sentence to be pronounced. Then, the judge had to give the defendant the opportunity to withdraw or reaffirm the agreement to plead guilty.
We explained the rationale underlying this rule:
Technically, the defendant has not been promised a specific sentence. He may nonetheless tender his guilty plea, waiving his valuable right to trial.
Although the prosecutorial “recommendation” would seem to inform the defendant of the consequences of his *182 plea — that the prosecutor is merely suggesting a sentence and that the judge is not bound to follow the recommendation — the truth is that most defendants rely on the prosecutor’s ability to secure the sentence when offering a guilty plea. This is true even when the court specifically admonishes the defendant that it is not bound by the prosecutor’s recommendation. AO disclaimers that the court is not bound are often viewed as ceremonial incantations. [Killebrew, supra at 208, citing State v Goodrich, 116 NH 477, 479; 363 A2d 425 (1976); Alschuler, The trial judge’s role in plea bargaining, part I, 76 Colum L R 1059, 1069 (1976).]
When we decided Cobbs, a decade after Killebrew, we acknowledged that its effect was to add to the procedural landscape that Killebrew had established. It neither displaced it nor created a new landscape with a separate set of procedures. In Cobbs, we observed;
In addition to the procedures approved in Killebrew, . . . we today recognize an additional manner in which a judge may participate in sentence discussions. At the request of a party, and not on the judge’s own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense. [Cobbs, supra at 283 (emphasis added).]
The majority gives cursory treatment to defendant’s first claim that her plea was not knowing and voluntary because it was offered without knowledge of the judge’s sentencing plans. The majority disposes of it simply by opining that, once defendant learned of the judge’s intention to disregard the Cobbs sentence, defendant was returned to her pre-plea position.
However, the matter is not that simple. Rather than contemplating whether to plead guilty, her pre-plea *183 position, defendant was confronted with having to decide, under pressure, whether to withdraw" her guilty plea. She was no longer able to assess the decision knowing the length of her sentence, as before. Although she could have chosen to withdraw the plea, surely she felt increased pressure to let it stand and to take her chances that the increase in her sentence would be less than if she lost at trial.
The majority attempts to distinguish a Cobbs plea from a Killebrew plea. It opines that a policy concern requires treating Killebrew and Cobbs defendants differently. The policy is to minimize the potential coercive effects of a judge’s participation in sentencing agreements. The majority concludes that the requirement sought by defendant would “[go] too far in involving the judge in the bargaining process” by creating the appearance of direct negotiations between the judge and defendant regarding the actual sentence to be imposed.
The requirement sought by defendant is the same as has existed at least since the Cobbs decision in 1993. The record reflects no problems resulting from increased negotiations between judges and criminal defendants since that date. The majority presents no reason to apply different rules to Killebrew than to Cobbs agreements.[5]
For these reasons, I dissent and would reverse the trial court’s judgment, remanding for appropriate proceedings.
Cavanagh, J., concurred with Kelly, J.

 416 Mich 189; 330 NW2d 834 (1982).

 People v Cobbs, 443 Mich 276; 505 NW2d 208 (1993).

 Forty years ago, we recognized that waiver of a trial cannot be knowing or voluntary when induced by reliance on agreed-to concessions by which one party no longer is bound. In re Valle, 364 Mich 471, 476; 110 NW2d 673 (1961).

 The individual referenced here is actually Jerome Briggs, the defendant in People v Briggs, a companion case to Killebrew.

 A Killebrew plea agreement is made between the prosecutor and the defendant, without the judge’s participation. A Cobbs plea agreement is made between the prosecutor and the defendant, but it is based, in part, on the judge’s pronouncement of a preliminary sentence estimate.