# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HOWARD RAY FOWLER,

        Defendant-Appellant.

UNPUBLISHED
April 13, 2017

No.  328139
Saginaw Circuit Court
LC No.  14-039994-FH

Before:  RONAYNE KRAUSE, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

Defendant appeals by leave granted his plea-based conviction of one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a) (victim under 13 years of age).  The trial court sentenced defendant as a second habitual offender, MCL 769.10, to 60 months to 570 months in prison and to lifetime monitoring, MCL 750.520c(2)(b) and MCL 750.520n(1).  We remand to the trial court to permit defendant to move to withdraw his plea.

This case arises from defendant's criminal sexual conduct with a seven-year-old victim. Defendant pleaded no contest to second-degree criminal sexual conduct and acknowledged his status as a second habitual offender pursuant to a *Cobbs*[1] agreement.  At the time of defendant's plea, the trial court indicated it would sentence defendant within the sentencing guidelines range, which had preliminarily been calculated as 10 to 23 months' imprisonment.  The trial court informed defendant that it was not obligated to sentence defendant within the guidelines, and that if the trial court chose to exceed the guidelines defendant would be permitted to withdraw his plea and proceed to trial.  Defendant indicated that he understood.

At the sentencing hearing, the trial court noted that the sentencing guidelines had been recalculated to be 12 to 30 months' imprisonment, and that having read the presentence investigation report, the trial court was "seriously considering going considerably over the guidelines."  The trial court informed defendant that he would be permitted to withdraw his plea. The trial court adjourned the sentencing hearing and resumed the hearing one week later, at

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

-1-

which time the trial court informed defendant that it planned to impose a sentence exceeding the sentencing guidelines. The trial court stated, in relevant part:

> And I did indicate to counsel earlier this week that I would be – that the minimum in this matter would be 5 years as opposed to 30 months, which is over the – the sentencing guidelines. I did offer Mr. Fowler an opportunity and some time to think about whether he wished to withdraw his plea or whether he wished to be sentenced as I intend to sentence him.

Defendant thereafter chose not to withdraw his plea and accepted the sentence that the trial court had indicated. The trial court then sentenced defendant to 60 months' to 570 months' imprisonment and ordered that he register as a sex offender.

Defendant thereafter moved before the trial court to withdraw his plea or, alternatively, for resentencing. The trial court denied the motion,[2] reasoning as follows:

> At the time of sentencing, and since I had determined I was going to go over the guidelines, and since he was going to have to make a determination as to whether or not he wished to withdraw his plea, I obviously told him what his sentence was going to be if I did go over the guidelines. I gave him a week adjournment, or an opportunity, to consider whether or not he wished to withdraw his plea. And he advised the Court at the date of sentence that he would accept a plea of five years as the minimum on that case.

> If that is judicial over involvement, then it is. But I don't think it is. I think I was advising him exactly of what I was intending to do so he could make an intelligent decision on whether he wished to withdraw his plea, or not. And he chose not to with full disclosure.

This Court subsequently denied defendant's application for leave to appeal. Upon further application by defendant, our Supreme Court remanded this case to this Court for consideration as on leave granted. *People v Fowler*, 500 Mich 862; 884 NW2d 798 (2016).

On remand to this Court, defendant first argues that he should be permitted to withdraw his plea because the trial court erred by articulating the sentence it would impose if the plea were not withdrawn. We agree. We review for an abuse of discretion a trial court's decision regarding a motion to withdraw a plea. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007).

---

[2] The trial court permitted further hearing on the issue of whether defense counsel had informed defendant that he would be required to register as a sex offender.

In Michigan, a plea agreement is generally described as either a *Killebrew* plea or a *Cobbs* plea. In a *Killebrew* plea, the role of the trial court is limited to consideration of the bargain between the defendant and the prosecutor. *People v Killebrew*, 416 Mich 189, 194; 330 NW2d 834 (1982). If, after a *Killebrew* plea has been entered, the court chooses not to follow the prosecutor's sentence recommendation, the trial court must state the sentence that the trial court intends to impose and give the defendant the opportunity to withdraw the guilty plea. *Id.* at 209-210. In such cases:

> The judge's announcement . . . of the specific sentence that will be imposed if the defendant chooses to let the plea stand, is the first involvement of the court, and does not constitute bargaining with the defendant, since the judge makes the announcement and determination of the sentence on the judge's own initiative after reviewing the presentence report. [*People v Williams*, 464 Mich 174, 179; 626 NW2d 899 (2001).]

By contrast, in a *Cobbs* plea, the role of the trial court is considerably expanded. In a *Cobbs* agreement, at the request of a party, the trial court "may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." *Cobbs*, 443 Mich at 283 (emphasis in original). This preliminary articulation of what constitutes an appropriate sentence does not bind the trial court at the time of sentencing. *Id.* If, after reviewing the sentencing information, the trial court decides not to impose a sentence in accordance with the initial assessment, the defendant must be given an opportunity to withdraw the plea. *Id.* But in a *Cobbs* agreement, unlike a *Killebrew* plea, a trial court that has determined not to adhere to the initial assessment in sentencing the defendant is not permitted to then articulate the specific sentence that will be imposed if the plea stands. *Williams*, 464 Mich at 180. "In those circumstances, when the judge makes the determination that the sentence will not be in accord with the earlier assessment, to have the judge then specify a new sentence, which the defendant may accept or not, goes too far in involving the judge in the bargaining process." *Id.* at 179-180. The difference between the two types of pleas is the subject of MCR 6.310(B)(2), which provides:

> Except as provided in subsection (3), after acceptance but before sentence,
>
> * * *
>
> (2) the defendant is entitled to withdraw the plea if
>
> > (a) the plea involves an agreement for a sentence for a specified term or within a specified range, and the court states that it is unable to follow the agreement; the trial court shall then state the sentence it intends to impose, and provide the defendant the opportunity to affirm or withdraw the plea; or
> >
> > (b) the plea involves a statement by the court that it will sentence to a specified term or within a specified range, and the court states that it is unable to sentence as stated; the trial court shall provide the defendant the opportunity to affirm or withdraw the plea, but shall not state the sentence it intends to impose.

This case involves a *Cobbs* agreement. Here, at the request of the parties, the trial court provided an initial assessment of the sentence, informing defendant that the trial court was inclined to sentence defendant within the sentencing guidelines range, which preliminarily had been calculated as 10 to 23 months. Prior to imposing sentence, however, the trial court stated that it intended to exceed the sentencing guidelines and impose a minimum sentence of five years. Although the trial court gave defendant an opportunity to withdraw his plea, by articulating the specific sentence he intended to impose if defendant did not withdraw his plea, the trial court overstepped the role of neutral arbitrator and went "too far in involving the judge in the bargaining process." *Williams*, 464 Mich at 180. Such over-involvement risks a potential coercive effect that may taint the voluntariness of a defendant's plea. See *id*. at 179. Accordingly, we remand this matter to the trial court to provide defendant the opportunity to again move to withdraw his plea.

Defendant also argues that proceedings on remand should be held before a different trial judge. We agree. *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1987) sets forth the following factors for an appellate court to consider when ruling on such a request:

> "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." [Quoting *United States v Sears, Roebuck & Co, Inc,* 785 F2d 777, 780 (CA 9, 1986).]

In this case, the trial judge professed a strong disagreement with the guidelines, stating "I don't know who comes up with these guidelines, but they obviously don't know anything about life or anything else to come up with guidelines that ridiculously low. . . . I probably would've given you more like 10 to 15 if I thought I could do it and successfully get beyond an appeal, I find this so offensive." Given these statements, we conclude that the trial judge may have substantial difficulty putting out of his mind his previously-expressed views. See *Evans*, 156 Mich App at 72. We do not imply any condemnation of the trial judge's integrity, impartiality, or judicial temperament, but conclude that under the circumstances, reassignment is advisable to preserve the appearance of justice. Because this was a plea-based conviction, reassignment does not "entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.*

Furthermore, remanding this matter to the same judge would place defendant in the same untenable position he was in at the original sentencing hearing. He would be required to stand before the judge who had impermissibly engaged in negotiating the terms of his sentence, in violation of *Cobbs*, with the same option of withdrawing his plea. This resolution would amount to affording defendant no relief.

Remanded for further proceedings consistent with this opinion. Remand proceedings shall be held before a judge of the circuit other than the judge originally assigned to the case. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola